Before STATE INDUSTRIAL BOARD, Respondent.
WILLIAM H. GUYON, Respondent, *v.* STANDARD WALL PAPER COMPANY and Another, Appellants.

Third Department, June 27, 1924.

**Workmen's compensation — accidental injury — claimant received accidental injury where particles of gilt dust which he was mixing with water entered his eye and caused partial loss of vision though ordinarily no ill effects arose from gilt dust.**

An accidental injury causing the loss of a part of the vision of the claimant's right eye occurred, where it appears that he was engaged in mixing gilt dust with water for use in the manufacture of wall paper; that as the water was poured

into the dust a cloud of dust would arise, but ordinarily would not cause any injury or discomfort; that at the time of the alleged accident several particles of gilt dust entered the eye and were embedded in the cornea and shortly thereafter the claimant required medical treatment to remove the particles.

APPEAL by the defendants, Standard Wall Paper Company and another, from an award of the State Industrial Board, made on the 5th day of April, 1923.

*E. C. Sherwood* [*William B. Davis* of counsel], for the appellants.

*Carl Sherman,* Attorney-General (*E. C. Aiken,* Deputy Attorney-General, of counsel], for the respondents.

COCHRANE, P. J.:

The defense is that there was no accident. The finding of the Board is that " on November 4, 1922, while the said William H. Guyon was engaged in the regular course of his employment, and while working for his employer at Hudson Falls, New York, and while pouring water on gilt dust thereat, small particles of the said gilt dust entered claimant's right eye;" that the gilt dust infected the eye on account of which the claimant has sustained the loss of useful vision of twenty-five per cent thereof. The gilt dust was used for gilding wall paper manufactured by the employer. The duty of the claimant was to prepare it for use. He testified as follows: " Q. When you put this gold or gilt in the pails of water then you poured water on it? A. Poured water right on, put this other stuff in first. Q. What would happen? A. Regular cloud. Put it in as easy as you can, regular mist all over. Q. This gold or gilt would rise from that? A. Yes, sir." It discolored his hair but it was ordinarily harmless. The superintendent of the employer testified that for the twenty-nine years of his employment he had never heard of this substance affecting any one's eyes. He further said: " Could not be so. There would not be any one alive down there to-day if that was so." The claimant testified that he was working about a month before he noticed any trouble with his eye. And it was then only the right eye which was affected. Three or four days after the trouble in his eye appeared he was transferred to other work and about a week thereafter he quit work entirely. The physician who treated the claimant testified that " the cornea was spotted with fifteen or twenty minute opacities where the gold had embedded itself in the cornea." These foreign substances were removed by treatment. He further testified: " The opacities are evidence of the gilt, they were caused by the gilt. Q. Outside of the opacities is there any evidence in the cornea of the eye? A. Not so far as I can see. * * * Q. It is your opinion that what loss of vision you found there now is caused by these cornea opacities? A. Yes." It is

apparent from the evidence that the " regular cloud " or " mist " of gilt dust arising in the course of the work was harmless. Such is the purport of the testimony of the employer's superintendent. Such also is the purport of the testimony of claimant that he worked about a month without experiencing any difficulty and whose left eye was not at any time affected. Ordinarily the lodgment of dirt or any foreign substance in the eye is an accident. There are numerous instances where compensation has been awarded for such an accident. The effect of such foreign substance in the eye is a matter of common experience. It immediately makes its presence known. It causes pain or discomfort. That is what happened to the claimant. It was not the " cloud " or " mist " but it was the fifteen or twenty minute and tangible gilt substances which lodged in the eye and were subsequently eliminated which caused the trouble. That I think is the permissible inference from the evidence. That occurrence was referable to the particular time when the claimant first experienced trouble with his eye about a month after he began to work. That occurrence was not the result of volition on his part; it was not expected; it was not usual. It was an accident. The case of *Jeffreyes* v. *Sager Company* (198 App. Div. 446) and similar cases are not pertinent to the facts here existing.

The award should be affirmed, with costs to the State Industrial Board.

Award unanimously affirmed, with costs in favor of the State Industrial Board.