**VAUGHN & RUSH et al. v. STUMP et al.**

No. 22185. Opinion Filed March 8, 1932.

Rehearing Denied March 29, 1932.

Ames, Cochran, Ames & Monnet, for petitioners.

Leo J. Williams and M. J. Parmenter, for respondents.

SWINDALL, J. This is a proceeding to review an award of the State Industrial Commission entered on the 19th day of February 1931, in a certain action then pending before the Commission wherein E. M. Stump was claimant and Vaughn & Rush Drilling Company was respondent, and Federal Surety Company was insurance carrier. After hearing the evidence the Commission found the facts as follows:

"(1) That on the 17th day of August, 1929, the claimant was in the employment and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date said claimant sustained an accidental injury, arising out of and in the course of his employment.

"(2) That the average daily wage of the claimant at the time of said accidental injury was $7.50 a day.

"(3) That by reason of said accidental injury the claimant was temporarily totally disabled from the performance of ordinary manual labor from August 17th to September 3rd, or for one week and four days beyond the five-day waiting period.

"(4) That by reason of said accidental injury the claimant sustained approximately 35 per cent. permanent partial loss of hearing in the left ear."

Upon consideration of the foregoing finding of fact it entered an award in favor of claimant for compensation at the rate of $18 per week, computed from August 17th to September 3rd, after allowing the five days' waiting period or the total sum of $20 for total temporary disability and the sum of $300.50 as a fair and reasonable award for approximately 35 per cent. partial loss of hearing in the left ear. The respondent and insurance carrier within the time provided by law commenced this proceeding to review said award.

It is the claim of the petitioners that there was no competent evidence introduced before the Commission reasonably tending to support the finding that the claimant sustained an accidental personal injury. The record shows that the claimant had been working in the oil fields as a "roughneck" for about six years, but had only been employed by the Vaughn & Rush Drilling Company for about a week prior to the date of the alleged accidental injury. Respondent Stump testified that he was working on the pump along in the morning of August 17, 1929, that he started working at 12 o'clock at night and worked to 12 o'clock noon, and that during the morning, sometime between the time he went to work and went to breakfast, he could not hear out of his left ear; that he never noticed that fact until he went to breakfast that morning, and that he was working at that time about eight or ten feet from the exhaust of the pump; that upon discovering the defect in his hearing he notified his foreman, and that he was sent to a doctor for treatment by the tool pusher, and that the doctor to whom he was sent directed that he be taken to Dr. Van Sandt (Van Zandt). The claimant testified that he never had any trouble with his hearing prior to the morning of August 17, 1929. Dr. Sheldon testified that, assuming that the claimant's hearing was normal before the accident and that immediately after he suffered the loss of hearing, he would attribute the loss of hearing to being caused by his work close to the exhaust. Dr. Van Sandt testified that vibrations of the exhaust, loud noise, would more or less destroy the hearing, and on his last examination claimant had 58.4 loss of hearing in the left ear. Dr. Wails testified that from his examination he was able to determine that the claimant did not have more than 25 per cent. impairment of his left ear, and that it was a little hard to say that a pump going some eight or ten feet away would produce impairment in one ear and not in the other, that he was not able to say whether the injury was due to the exhaust from the pump, but with no other history available he stated that it was possible that it could have been.

Dr. Guthrie was of the opinion that the claimant had a slight catarrhal deafness, and that his condition was attributable to catarrh, but stated, however, on cross-examination, that the condition of claimant could have been caused by excess noise. The claimant's evidence is not very satisfactory; however, the cause, nature, and extent of the injury was a question of fact for the determination of the State Industrial Commission. The State Industrial Commission's fact finding is conclusive and will not be vacated if supported by any competent evidence. Proceedings in the Supreme Court to review Industrial Commission's award are

to review errors of law and not of fact. From a careful examination of the record, we cannot say that there was not some competent evidence upon which the Commission was justified in basing its award that the injury to the hearing of claimant was caused by the exhaust from the pump.

It is contended by the petitioners that, if the claimant was suffering from any cause, the same was an occupational disease and not an accidental injury as defined by section 7284, C. O. S. 1921, and there is cited to sustain the contention of petitioners the case of U. S. Gypsum Co. v. McMichael, 146 Okla. 74, 293 P. 773. The facts in the McMichael Case are entirely different from the facts in the case at bar. In the McMichael Case the undisputed evidence showed that McMichael had been inhaling dust over a considerable period of time, and that his injury therefrom resulted gradually, and that it did not arise by some definite event the date of which could be fixed with certainty. However, if McMichael had been in good physical condition and had dropped a sack of cement and bursted the same, and had inhaled a large quantity of dust and injury immediately resulted, the date of which could have been fixed with certainty, then the court would evidently have sustained the finding of the State Industrial Commission. In the case at bar Stump testified that his hearing was normal when he went to work at midnight, and when he went to breakfast the morning after he had worked within about eight feet of the exhaust from the mud pump he noticed this defect in his hearing. The condition of respondent Stump may be referred to some definite event, the date of which can be fixed with certainty, but which cannot be fixed in the case of occupational disease. The Supreme Court of Massachusetts, in Re Patrick Sullivan, Claimant, Massachusetts Bonding & Insurance Company, Insurer, Appt., decided January 4, 1929, 164 N. E. 457, 62 A. L. R. 1458, held that:

"The physical condition resulting, and not the nomenclature, is the decisive factor in determining whether a so-called disease is a compensable personal injury.

"A personal injury may be the direct and consequential result of employment, although a condition may arise termed, in some connections, a disease."

In the case of Peru Plow & Wheel Co. v. Industrial Commission, 311 Ill. 216, 142 N. E. 546, the Supreme Court of that state held that:

" 'Occupational diseases' are not covered by the Compensation Act, although not all diseases are to be excluded therefrom; an occupational disease being a diseased condition arising gradually from the character of the employee's work, but it is not an 'accident.'

"An 'accident,' as contemplated by the Compensation Act, is distinguished from an occupational disease, in that it arises by some definite event, the date of which can be fixed with certainty, but which cannot be so fixed in the case of occupational diseases."

In the case of Dove v. Alpena Hide & Leather Co., 164 N. W. 253, the Supreme Court of Michigan held that:

"Where dust containing infection arose from the hides which a tannery employee was handling, and germs in the dust were carried into his body by inhalation, his death as a result thereof was an accidental one, for which compensation was properly awarded; the accidental feature of the case being that the septic germs were taken up by the respiratory organs and carried into the system, which was unusual in the work."

In Guyon v. Standard Wall Paper Co., 205 N. Y. Supp. 280, that court held that:

"Lodgment of small particles of gilt dust in eye of employee engaged in preparing it for gilding wall paper held compensable 'accident.' "

We think the rule of law announced by the Supreme Court of Massachusetts and Illinois is sound, and the facts in the case at bar bring it within the rule there announced, and that the award should be and the same is in all things affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., absent.