## TIDAL PIPE LINE CO. v. BLACK.

No. 21216. Opinion Filed Dec. 6, 1932.

Rehearing Denied Dec. 27, 1932.

Sam A. Neely, Burns McCain, and D. F. McMahon, for plaintiff in error.

Streeter Speakman and W. F. Speakman, for defendant in error.

CULLISON, J. Helen Black, as plaintiff, instituted suit against the Tidal Pipe Line Company, defendant, seeking to recover damages for certain personal injuries alleged to have been received in an automobile accident.

The record discloses that plaintiff was riding in a car driven by one Renfrow; that defendant had in its employ one W. S. Gibbs and furnished said Gibbs a car to be used in his employment with defendant going to and from locations at which defendant was working. Upon the day of the accident, Gibbs had completed his day's work with defendant and was returning from the place of said employment to his home in Drumright; that upon arriving almost opposite the Gibbs home and where he was ready to turn into his driveway, a collision occurred between the car driven by Gibbs and the car in which plaintiff was riding.

As a result of said accident plaintiff received certain alleged injuries. The cause was tried to a jury and resulted in a verdict favorable to plaintiff.

Defendant appeals to this court and as grounds for reversal of said judgment contends:

"That at the time of the automobile accident that resulted in injury to the plaintiff upon which she bases her cause of action, Gibbs, although driving the defendant's car, was not in the performance of any duty owing to the defendant arising out of his employment, but was engaged after his working hours in a mission of his own in which the defendant had no interest or concern."

Our court does not appear to have passed squarely upon the question as presented herein, but the case of Depue v. George D. Salmon Co. (N. J.) 106 Atl. 379, is squarely in point. In that case the court held:

"Where a chauffeur is, for purpose of enabling him to reach his work earlier, permitted to drive the master's automobile to and from his home, the relation of master and servant continues during such trips, so that the master is liable for injuries resulting from negligent driving."

See, also, McKeage v. Morris & Co. (Tex. Civ. App.) 265 S. W. 1059.

We observe that, according to the above authorities cited, where a person is furnished an automobile in order to enable him to reach his work, the relation of master and servant continues during such trip, so that the master is liable for injuries resulting from the negligence of the driver.

In the case at bar, the defendant furnished Gibbs with an automobile in order that Gibbs might go to various places where it was necessary for him to go in the performance of his duties, as an employee of the pipe line company. The car was kept at the Gibbs home, and when Gibbs had finished his day's work, it was necessary that he take the car to his home for the night. On the date of the accident, Gibbs had not arrived at home with the car when

the accident occurred, but was on his way home from his place of employment. So that, under the rule just quoted, he was still in his master's employment and his master was liable for the injury resulting from negligence of the servant.

After carefully considering the entire cause, we consider the authorities cited sufficient to determine this case adversely to the contention of the defendant.

The judgment of the trial court is affirmed.

LESTER, C. J., and RILEY, HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., absent.

Note.—See under (1) annotation in 22 A. L. R. 1420; 45 A. L. R. 490; 2 R. C. L. 1198; R. C. L. Perm. Supp. p. 662; R. C. L. Pocket Part, title "Automobiles," § 33.