## THOMAS et al. v. MARTIN et al.

No. 24431. Opinion Filed May 2, 1933.

Rehearing Denied June 20, 1933.

Hayes, Richardson, Shartel, Gilliland & Jordan, for petitioners.

Steele & Boatman, J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

ANDREWS, J. This is an original proceeding in this court instituted by the respondent and its insurance carrier before the State Industrial Commission to review an award in favor of the claimant therein.

The claimant was in the employment of the petitioner, O. H. P. Thomas, and was engaged in pulling pipe or casing from abandoned oil wells under the direction of a foreman by the name of Duncan. One evening, at about five o'clock, it became evident that it would be necessary to have some wire line before the work could continue the following morning, and the foreman so stated. When the work stopped for that night, the claimant took Mr. Duncan to his hotel in Okmulgee in a car belonging to the petitioner, Thomas. He then

went in that car in search of wire line to a place east of Okmulgee, taking with him his father and daughter. He procured the wire line, and, on his return to Okmulgee, the car that he was driving was struck by another car and he received a severe injury to his left leg. He filed his claim for compensation, and, after a hearing was had, the State Industrial Commission made an award in his favor. That is the award which the petitioners desire to have reviewed.

The question which presents itself is whether or not the claimant was authorized by the foreman to procure the wire line. There is material competent testimony tending to support the award, and this court must find in support of the award that the claimant was acting within the scope of his employment under the directions of his foreman at the time the injury was sustained. See Willis v. State Industrial Commission, 78 Okla. 216, 190 P. 92; Sapulpa Refining Co. v. State Industrial Commission, 91 Okla. 53, 215 P. 933; Oklahoma-Arkansas Tel. Co. v. Fries, 128 Okla. 295, 262 P. 1062; Cary v. State Industrial Commission, 147 Okla. 162, 296 P. 385; Town of Lindsay v. Sawyer, 156 Okla. 32, 9 P. (2d) 30, and Tidal Pipe Line Co. v. Black, 161 Okla. 136, 17 P. (2d) 388. The fact that the injury occurred after the regular employment had ceased for the day is immaterial under the facts shown by the record in this case. See Superior Smokeless Coal & Mining Co. v. Hise, 89 Okla. 70, 213 P. 303.

We find no reversible error, and the award of the State Industrial Commission is affirmed.

CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. RILEY, C. J., absent.