BARECO OIL CO. et al. v. GREEN et al.

No. 31658.   Dec. 5, 1944.

154 P. 2d 72.

Pierce & Rucker, Kirk, P h i p p s, Campbell & Latting, A. M. Covington, and Stanley D. Campbell, all of Tulsa, for petitioners.

J. B. Underwood, of Tulsa, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought to obtain a review of an award which was made by trial commissioner and on appeal affirmed by the State Industrial Commission in favor of J. C. Green, claimant, against Bareco Oil Company and Barnsdall Refining Company, respondents. The parties will hereafter be referred to as petitioners and claimant.

On August 28, 1942, the claimant filed with the State Industrial Commission claim for compensation for disability in the form of degenerative process involving brain and spinal cord alleged to have resulted from an injury sustained on May 9, 1942, when claimant while cleaning a filter tank slipped and fell hurting his back and abdomen while exposed to heat and fumes. Petitioners admitted the relation of master and servant between Bareco Oil Company and claimant at the time the alleged injury occurred, but denied claimant had sustained an accidental personal injury as alleged and that he had any disability as a result thereof, and pleaded failure of claimant to give notice of the alleged injury in the manner required by statute as a bar to the claim.

Hearings were conducted to determine liability and extent of disability. The evidence adduced at said hearings disclosed without contradiction that claimant had slipped and fell while cleaning an oil filter. The evidence was in conflict with respect to whether the alleged injury had been reported and with respect to the authority of the person to whom the report had allegedly been made to receive the same. The competent medical evidence was in agreement with respect to the fact that claimant had some disability, but was in conflict with respect to whether the disability was the result of the alleged accidental injury or of other cause. A trial commissioner made the following findings of fact with respect thereto:

"1. That on the 9th day of May, 1942, the claimant was in the employ of the respondent and engaged in a hazardous occupation, subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date he sustained an accidental personal injury, arising out of and in the course of his employment, consisting of an injury to the nervous system.

"2. That the respondent had actual notice of said accidental injury, and its rights were not prejudiced by failure of the claimant to give written notice within the thirty days, as prescribed by statute.

"3. That the average wages of the claimant at the time of said accidental personal injury were $30.24 per week.

"4. That by reason of said accidental injury, claimant was temporarily totally disabled from June 8, 1942, to November 21, 1942, for which period of time, less the five days waiting period, he is entitled to compensation.

"5. That by reason of said accidental injury, claimant has suffered a permanent partial disability of 40 per cent to the body as a whole."

Based on the foregoing findings of fact, the trial commissioner awarded claimant compensation for temporary total disability for the period June 8, 1942, to November 21, 1942, inclusive, less the five days waiting period, and for 40 per cent permanent partial disability of the body as a whole. Appeal was had to the commission sitting en banc, and resulted in the adoption of

the findings of fact and affirmance of the award made by the trial commissioner.

Petitioners as ground for vacation of the award made by the trial commissioner, urge the following propositions:

"1. The claimant has failed to prove he suffered an accidental personal injury arising out of and in the course of his employment and this court, upon review of the evidence, should so find.

"2. The evidence is insufficient to show claimant has sustained the burden of proving notice was given as required nor has the claimant met the burden of proving one of the statutory grounds which would permit the Industrial Commission to excuse his failure to give the statutory notice.

"3. This cause should be returned for more definite findings of fact by the Industrial Commission, if the award is not vacated.

"4. There being no evidence whatever to connect the Barnsdall Refining Company with this matter, the order as against it is erroneous and should be vacated."

Petitioners contend primarily that evidence of claimant relative to his accidental injury should not be accepted as conclusive of the fact, and that this court· should treat the matter as one involving a jurisdictional issue and weigh the evidence and make its own independent finding of fact thereon. In support of the contention so made attention is directed to McKeever Drilling Co. v. Egbert, 170 Okla. 259, 40 P. 2d 32, and a number of subsequent decisions in which the rule therein announced has been adhered to. Our attention is also directed to the cases of National Biscuit Co. v. Lout, 179 Okla. 259, 65 P. 2d 497; Oklahoma Leader Co. v. Wells, 147 Okla. 294, 296 P. 751, which are authority for the rule that there must be some proof of accidental injury before there can be an award of compensation. The rules announced in the cited cases are sound and we adhere thereto. They, however, have no application to the issues here involved. Disability as the result of

accidental injury sustained in a compensable employment is essential to an award of compensation by the State Industrial Commission, 85 O. S. 1941 §11; Armour & Co. v. Worden, 189 Okla. 106, 114 P. 2d 173; Turner v. Ford, 183 Okla. 567, 83 P. 2d 844.

An injury may be said to be accidental when it is the result of a definite, unexpected, and undesigned event or mischance or miscalculation as to the effect of a voluntary act. Andrews Mining & Milling Co. v. Atkinson, 192 Okla. 322, 135 P. 2d 960; Joseph A. Coy Co. v. Younger, 192 Okla. 348, 136 P. 2d 890. Where the disability is such as to require proof of its cause and extent to be made by the testimony of skilled and professional persons, the testimony of such witnesses constitutes competent evidence of· the fact to be determined. The testimony of claimant established without dispute the happening of an accidental injury as above defined. The disability for which claimant was seeking compensation was of such nature as to require proof of its cause and extent to be made by skilled and professional persons. The evidence of the competent witnesses who testified in this connection was in conflict and the State Industrial Commission chose to believe the witnesses who testified that the disability was attributable to the injury which claimant testified he had sustained. The contention of petitioners that there was no proof of accidental injury is not supported by the record.

Petitioners next contend that the evidence of claimant was insufficient to sustain the action of the trial commissioner and the State Industrial Commission in excusing the failure of claimant to give notice of alleged injury in the manner required by the statute. In support of the contention so· made our attention is directed to Transwestern Oil Co. v. Partain, 188 Okla. 97, 106 P. 2d 263; Empire Pipe Line Co. v. Morgan, 185 Okla. 82, 90 P. 2d 389; Finance Oil Co. v. James, 188 Okla. 372, 109 P. 2d 818; Southwest Box Co. v. Dampf, 170 Okla. 269, 39

P. 2d 589; and Greis v. Rounsiville, 173 Okla. 189, 46 P. 2d 905. The cited cases are authority for the rule that where claimant fails to give notice in writing as required by statute and seeks to have the commission excuse such failure upon the ground that the employer had information which would have been imparted by the statutory notice, the proof must show that the information so imparted, where the employer was a corporation, was to some agent or officer upon whom regular process might be served or to someone in charge of the business in the place where the injury occurred, or a superintendent or foreman, and in the latter instance that he be a person required under the rules of the company to report accidental injuries. The argument of petitioners in this connection is that the person to whom the information relative to the alleged injury was given was not one of those above named to whom the information had to be imparted. The evidence adduced relative to the information imparted was in conflict. That of claimant tended to establish that the information was immediately given to the foreman in the place where the injury occurred, and who was required under the rules of the company to report accidental injuries, and that this information was subsequently imparted to the petitioners' first aid man, who was likewise charged with such duty. The testimony of claimant was disputed but there is evidence in the record from which the commission could infer that at least four of claimant's superiors had been informed of the alleged injury shortly after the occurrence. The State Industrial Commission is authorized by 85 O. S. 1941 §24 to excuse failure to give notice required by said section where the evidence shows that the employer had not been prejudiced by such failure. Whether an employer has been prejudiced by the failure of an employee to give notice of injury as required by statute, supra, is a question of fact for the determination of the commission. Massachusetts Bonding & Insurance Co. v. Satterfield, 188 Okla. 154, 108 P. 2d 218. We are of the opinion that the evidence is sufficient to sustain the finding of the trial commissioner and affirmed by the commission that petitioners were not prejudiced by the failure of claimant to give the statutory notice.

Petitioners next contend that if the award is not vacated the cause should be remanded for more specific findings of fact relative to the persons to whom the information was given. No useful purpose is made to appear for such action, and for this reason we decline to entertain the request made.

It is finally contended that there was no evidence to connect the Barnsdall Refining Company with the claim of claimant and that the award was made against it improperly. It appears from the record that the Barnsdall Refining Company is no longer in existence, and that at the date of the alleged injury claimant was not in its employ. The award insofar as said corporation was involved was inadvertent and improper.

The award is vacated as to the Barnsdall Refining Company, and the Industrial Commission is directed to strike said company as a respondent; otherwise the award is sustained.

CORN, C.J., GIBSON, V.C.J., and RILEY, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur.