**ALMOND ELECTRIC COMPANY and** *Franklin Casualty Insurance Company,* a Corporation, Petitioners,

v.

**W. R. MAPLE and State Industrial Commission, Respondents.**

No. 37181.

Supreme Court of Oklahoma.

Oct. 15, 1957.

Covington, Donovan & Gibbon, Tulsa, for petitioners.

Robert N. Woodard and P. H. Winn, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Justice.

This is a proceeding to review an award made by the State Industrial Commission to W. R. Maple, hereinafter called claimant, for disability resulting from an accidental

injury arising out of and in the course of his employment with the Almond Electric Company.

The record discloses that on the 3rd day of November, 1956, claimant was installing fixtures on a ceiling in a building when he strained his back. He was forced by the nature of the work to reach above his head and hold his body in a twisted position to install the fixtures. He did not fix any particular moment at which the accident happened but stated that it occurred while he was installing the fixtures; that at one time during the work with the fixtures he felt a sharp pain and that the pain manifested itself again in the afternoon when he reached for some article. He was hospitalized by the employer on November 10 thereafter and returned to work on the 18th day of November, 1956.

A hearing was conducted to determine the disability resulting from the injury. Medical expert witnesses testified that claimant had a permanent disability due to the aggravation of a congenital back condition. One of the physicians fixed the disability at twenty-five per cent. The State Industrial Commission entered an award for temporary disability and fixed the permanent partial disability at twelve and one-half per cent. This proceeding is brought by the employer and its insurance carrier, hereinafter called petitioners, to review the award.

Petitioners stipulated that claimant was entitled to temporary disability and the issue was that of permanent disability. Despite this stipulation and a statement of counsel for petitioners during the hearing that there was no doubt claimant had sustained an accidental injury, petitioners argue there is no competent evidence in the record reasonably tending to support the finding that claimant sustained an accidental injury arising out of and in the course of his employment.

Petitioners cite Campbell Bakeries v. Baumeister, 160 Okl. 94, 15 P.2d 989; Oklahoma Leader Co. v. Wells, 147 Okl. 294, 296 P. 751.

Claimant argues that petitioners are precluded by their stipulation and statement above referred to from raising this issue. There is merit in this contention and respectable authority for its support. However, we find it unnecessary to discuss the effect of the stipulation and the statement of the counsel during the proceeding. The cases applicable are Calhoun Const. Co. v. Sexton, Okl., 288 P.2d 705; Acme Material Co. v. Wheeler, Okl., 278 P.2d 234; Frank and Sharp Painting Contractors v. Whiting, Okl., 276 P.2d 759; W. T. Robinson Trucking Co. v. Womack, Okl., 266 P.2d 971; and Atlas Coal Corp. v. Scales, 198 Okl. 658, 185 P.2d 177. In Acme Material Co. v. Wheeler, supra, claimant was injured while driving his machine and pounding rock. He fixed no time of injury except to state that he noticed his injury when he left his machine to get a drink of water. In Calhoun Const. Co. v. Sexton, supra [288 P.2d 706], claimant was working about the premises loading material. He noticed his injury when he crawled out from under a truck after placing his tools in the truck. Therein it is stated:

"* * * If there is evidence of a strain and medical evidence that the strain caused the disability this is sufficient to support a finding that there has been an accidental injury even though the disability discloses its presence at a time not related to a specific physical effort. * * *"

Under the above cases the State Industrial Commission was authorized to find, and there is competent evidence to support the finding, that claimant has a disability due to an accidental injury arising out of and in the course of his employment.

Award sustained.

WELCH, C. J., CORN, V. C. J., and DAVISON, HALLEY, JOHNSON, WILLIAMS, JACKSON and CARLILE, JJ., concur.