SEWELL BROTHERS, INC., and Twin City Fire Insurance Company, Petitioners,

v.

Allen D. ELLIOTT and State Industrial Court of the State of Oklahoma, Respondents.

No. 45058.

Supreme Court of Oklahoma.

July 18, 1972.

Rehearing Denied Dec. 18, 1972.

Milton R. Moon, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for petitioners.

Lawrence E. Hoecker, Larry E. Joplin, Pierce, Couch, Hendrickson, Gust & Short, Oklahoma City, for respondents.

DAVISON, Vice Chief Justice.

There is involved here for review an order of the State Industrial Court, sitting en banc, affirming an award of the trial judge allowing the respondent, Allen D. Elliott, claimant below, total temporary compensation for a period of nine weeks and three days, medical expenses, and fifteen percent permanent partial disability to his left leg.

Parties will be referred to as they appeared before the State Industrial Court— petitioners as respondents and respondent, Allen D. Elliott, as claimant. The State Industrial Court as the "Trial Court."

Respondents' sole contention on review is that there is no competent evidence establishing that the accidental injury sustained by the claimant arose out of and in the course of his employment for the respondent. The evidence concerning the occurrence of the alleged accident is undisputed.

Claimant on June 19, 1970, was employed by respondent performing road construction work as the operator of an oil spreading machine; that the machine was heavy with cutting blades underneath; that the machine puts down the oil and grinds it into the ground; that the machine while in motion vibrates and is rough to ride and if the machine happened to hit a rock it would give the operator "a pretty good jolt." That the claimant applied the lever of the machine with his left leg.

The evidence further discloses that on the above date claimant started working about 7:30 A.M. until about 10:30 A.M. when the machine ran out of road oil; that the members of the crew, together with two road inspectors, sat down awaiting a tanker truck carrying additional oil; that in about five minutes, as the tanker truck approached the scene, claimant got up from his sitting position to resume his work and in so doing his left knee popped and his left leg was injured, requiring an operation.

Claimant testified:

"Q. Then what happened, if anything?

A. When I got up, the leg just popped and when it popped, it wouldn't straighten up.

Q. When did you get up, when the truck came?

A. When the truck was coming up to the job.

Q. You say after you were getting up, your leg wouldn't straighten out?

A. It wouldn't straighten all the way out, and it wouldn't straighten all

the way out until after I was operated on."

Respondent's foreman testified that claimant correctly related the occurrence of the accident and that he observed the claimant limping during the balance of the day.

Claimant went to local doctors the following day, and after several days of observation, at the suggestion of one of the doctors, he reported to Dr. B, an orthopedic surgeon in Oklahoma City. Dr. B performed a surgical operation on claimant's left knee to repair a "torn lateral semi-lunar cartilage."

The amount of the award is not contested and is supported by competent medical evidence.

We have held that the term "accidental injury" as employed in the Oklahoma Workmen's Compensation Act must be accorded a liberal construction and is sufficiently broad to include injuries sustained by muscular strain, over exertion, or the twisting, or distortion of the arms, legs or other parts of the body. Young v. Bob Lady Ditching and Grading Service, Okl., 353 P.2d 124 (1960); Bill Morris Tank Company v. Martin, Okl., 349 P.2d 15 (1960); Phillips Pipe Line Company v. Brown, Okl., 301 P.2d 689 (1956).

The facts in Young v. Bob Lady Ditching and Grading Service, supra, are quite similar to those presented here. The claimant, Young, while cleaning up preparatory to leaving the job "squatted down" to replace a lid on a paint bucket. In straightening up he twisted his knee and ruptured a cartilage. We held the claim compensable.

Respondent cites and relies on Phillips Petroleum Co. v. Eaves, 200 Okl. 21, 190 P.2d 462 (1948) quoted with approval in Skaggs v. Bennett Van & Storage Co., 204 Okl. 32, 226 P.2d 419 (1951). The reasoning on which these cited cases was based has no longer been followed in later decisions by this court. Rush Implement Co. v. Bennett, Okl., 386 P.2d 177; Bill Morris Tank Company v. Martin, supra; Lone Star Steel Co. v. State Industrial Commission, Okl., 271 P.2d 327, and Calhoun Construction Company v. Sexton, Okl., 288 P.2d 705.

In Almond Electric Company v. Maple, Okl., 316 P.2d 848 (1957), we said: "A finding by the State Industrial Commission that claimant sustained an accidental injury due to strain will not be disturbed on review where it is reasonably supported by the evidence."

Award sustained.

BERRY, C. J., and WILLIAMS, HODGES and McINERNEY, JJ., concur.

LAVENDER, J., concurs in result.

JACKSON, IRWIN and BARNES, JJ., dissent.