Marvin O. NELSON, and the State Industrial Court, Respondents,

v.

The CITY OF OKLAHOMA CITY, a Municipal Corporation, Petitioner.

No. 49735.

Supreme Court of Oklahoma.

Nov. 1, 1977.

Rehearing Denied Feb. 1, 1978.

---

Manners, Grennan, Cathcart & Lawter by James G. Grennan, Oklahoma City, for respondents.

Walter M. Powell, Municipal Counselor by Diane L. Davis, Asst. Municipal Counselor, Barry L. Babcock, Legal Intern, Oklahoma City, for petitioner.

DAVISON, Justice.

This is an original proceeding to review an award of the State Industrial Court granting compensation to Marvin O. Nelson, hereinafter claimant, for 35% permanent partial disability to the body as a whole, arising out of and in the course of his employment as a fireman with the City of Oklahoma City, hereinafter respondent. At all times during the proceedings, respondent has contended claimant's disability was not compensable, because it did not arise out of and in the course of his employment under 85 O.S. § 3(7). The award was made by the trial judge and affirmed by the State Industrial Court en banc. The present proceedings followed.

Claimant had been employed as a fireman by respondent continuously for a period of 24 years.

Claimant, at the time of the accidental injury, was employed by respondent, holding the rank of Captain. On the day of the accident, claimant arrived at the fire station as usual between 6:30 and 7:00 A.M. Upon arrival, as was his custom and that of the other shift Captains, claimant removed the protective equipment, of the Captain in charge of the shift to be relieved, from the fire engine and replaced it with his own. From that moment until the end of his shift, it was his responsibility to answer any incoming station calls, this was so even though claimant's shift did not officially commence until 8:00 A.M.

Respondent provided locker space for its firemen at the station houses. Like many of his co-workers, claimant kept his uniforms at the station house and dressed for work there, rather than at home. Still prior to the official shift, he went to the locker room to change his regular clothing into his required blue uniform. As a part of his regalia, claimant was required to wear the insignia of his rank—Captain bars. While changing, claimant was seated on a bench provided for employee's use, and while engaged in putting on his Captain's bars, a fastening button from one of the bars became dislodged and fell from the bench. When claimant turned to reach for the button, he felt a severe pain in his lower back and leg. The pain persisted and claimant reported the accident to his assistant shift commander who properly logged the accident. Claimant, although in pain, finished the shift.

Respondent contends claimant's injury neither arose out of nor in the course of employment. The provisions of the Workmen's Compensation Act require that before there can be a compensable injury, the injury must arise out of and in the course of the employment. 85 O.S. § 3(7), supra.

Thus, the question to be decided in this proceeding is: "Did the occurring injury which happened under the facts and circumstances in the present case arise out of and in the course of the employment?" We hold that it did.

We held in the syllabus of the case of *Thomas v. Martin*, 164 Okl. 151, 23 P.2d 192, as follows:

"* * * whether an injury arose out of and in the course of the employment is a question of fact to be determined by the State Industrial Commission under the facts and circumstances of each particular case."

In the case of *Almond Electric Company v. Maple*, Okl., 316 P.2d 848, we held as follows:

"A finding by the State Industrial Commission that claimant sustained an accidental injury due to strain will not be disturbed on review where it is reasonably supported by the evidence."

Also see *Sewell Brothers, Inc. v. Elliott*, Okl., 503 P.2d 1271.

It is no longer necessary under recent decisions that in order to make an injury compensable there must be a slip, fall or impact. *Almond Electric Company v. Maple*, supra; *Sewell Brothers, Inc. v. Elliott*, supra; *Rush Implement Co. v. Vaughn*, Okl., 386 P.2d 177.

The nearest parallel case we have found to the present facts here involved is the Kansas case of *Kauffman v. Co-Operative Refinery Ass'n*, 170 Kan. 325, 225 P.2d 129. The Kansas statute is the same as ours—85 O.S. § 3(7), in that, in order for an injury to be compensable, under workmen's compensation laws, it must arise out of and in the course of the employment.

In the last above cited case, the employee entered the employer's premises and punched the time clock. He then went to the employer's change house which was operated and maintained for employees to change clothes for work. It was optional whether the employees changed clothes there or at home. While the employee claimant was changing clothes and while bending over to tie his shoes, he felt a sharp pain which was later diagnosed as a hernia. A Kansas Commissioner found that the accident was compensable, and on appeal to the District Court, the finding was affirmed. On appeal the Supreme Court of Kansas held that the accidental injury arose out of and in the course of employment, and in so doing stated:

"Did the accident arise out of and in the course of the employment as required by G.S.1935, 44–501? Appellants contend it did not for the reason appellee's actual labors had not yet begun. Without repeating the facts previously narrated it is sufficient to say there are respectable decisions in some other jurisdictions which support appellants' contention. The supreme court of this state recognized those authorities quite early but decided to follow decisions holding the compensation act, when liberally con-

strued, was broad enough to cover incidents of the employment. In *Corpora v. Kansas City Public Service Co.*, 129 Kan. 690, 284 P. 818, we held: 'Where an employee, whose working day began at 7 a. m. arrived at his place of employment a few minutes prior thereto, registered his attendance, and went to a dressing room provided by his employer, and there sustained a fall and injury while putting on his overalls, from which injury and other infirmities he died, it is held, that the accidental fall and injury were incidents of the employment, and his dependent widow was entitled to compensation.'"

Claimant injured his back in 1968 while answering a fire at the Ritz Motel, but returned to work several weeks thereafter, and continued on his job as a fireman. He was injured on June 4, 1975, and soon thereafter went to Dr. H., who provided him with treatment to his back and also put him in a low back brace. He continued light work on his regular job until he retired on June 26, 1975.

Dr. A. testified that claimant gave him a history of the 1968 injury and the June 4, 1975 injury, and Dr. A. then proceeded to give him a thorough examination, including the taking of x-rays. That it was his opinion claimant sustained a severe injury to his lumbar spine as a result of the June 4, 1975 accident, resulting in a 65% permanent partial disability to the body as a whole and that the last injury may have exaggerated the pre-existing injury.

The medical evidence, although somewhat contradictory, was sufficient to sustain the award of the Industrial Court.

AWARD SUSTAINED.

HODGES, C. J., LAVENDER, V. C. J., and WILLIAMS, SIMMS, and DOOLIN, JJ., concur.

IRWIN, BERRY, and BARNES, JJ., dissent.