**WILSON FOODS CORPORATION, Successor in Interest to Wilson and Company, Petitioner,**

v.

**Carel V. PORTER and The State Industrial Court of Oklahoma, Respondents.**

**No. 52472.**

Supreme Court of Oklahoma.

May 6, 1980.

Rehearing Denied June 30, 1980.

Mort G. Welch, Abowitz & Welch, Oklahoma City, for petitioner.

George J. McCaffrey, Oklahoma City, for respondent, Carel V. Porter.

Jan Eric Cartwright, Atty. Gen., Oklahoma City, for respondent, State Industrial Court.

HARGRAVE, Justice.

In June, 1974, the respondent, Carel Porter, began working for Wilson & Company. In September, he was assigned to work in the hide cellar where his duties included removing cow hides from salt packs, processing the hides through a machine to remove salt and moisture, and folding, tying, and bundling the hides for shipment. Since September, 1974, the time the respondent was assigned to work in the hide cellar, his body, particularly his face and hands, has been in constant contact with the salt, the moisture, and the animal hair present in the work area. This constant exposure to the salt solution has caused the respondent's skin on his hands to crack, especially around his fingernails.

In October, 1975, the respondent began experiencing fever and chills, and after consulting several doctors was diagnosed as having brucellosis, a disease endemic in cattle, hogs, and goats. Claiming that the contraction of brucellosis was a compensable accidental injury sustained in the course of his employment, the respondent sought relief through the Industrial Court. On January 16, 1978, an award of $4500 was made to the respondent as compensation for eighteen per cent permanent partial disability. The award was affirmed by the Industrial Court en banc on June 9, 1978, and by the Oklahoma Court of Appeals on July 10, 1979.

The Court of Appeals ruled not only that the contraction of brucellosis could be an accidental injury within the statute, 85 O.S. 1971 § 11 (amended 85 O.S. Supp. 1980 § 11), but also that the evidence presented by the respondent warranted such a finding in this case. Wilson & Company, through their successor in interest, Wilson Foods Corporation, petitioned for a writ of certiorari in this Court, which was granted September 24, 1979. The petitioner alleged that the Court of Appeals erred in finding that the contraction of brucellosis could be classified as an accidental injury within the statute and in finding that the evidence supported such a classification in this case.

We agree with the appellate court's decision that indeed under the proper factual situations the contraction of brucellosis can be characterized as an accidental injury and with the appellate court's decision that the evidence presented was sufficient to find that the respondent in this case had sustained a compensable accidental injury. Certiorari has been granted to establish the necessary items of proof when a claimant seeks to categorize what nominally is considered a disease as an accidental injury.

█ Since brucellosis is not a compensable occupational disease within the statute,[1] *Ridley Packing Co. v. Holliday*, Okl., 467 P.2d 480 (1970), to be compensable under the statute the disease must be recognized as an accidental personal injury. Title 85, Section 3(7) of the Oklahoma Statutes provides that an " '[I]njury or personal injury' means only accidental injuries arising out of and in the course of employment and such *disease or infection* as many naturally result therefrom . . .." 85 O.S. 1971 § 3(7) (Emphasis added). As stated in *Vaughn & Rush v. Stump*, 156 Okl. 125, 127, 9 P.2d 764, 765 (1932), (citing *In re Sullivan*, 265 Mass. 497, 499, 164 N.E. 457, 458 (1929)), "[t]he physical condition resulting, and not the nomenclature, is the decisive factor in determining whether a so-called disease is a compensable personal injury. A personal injury may be the direct and consequential result of employment, although a condition may arise, termed in some connections, a disease."

█ Therefore, in spite of being recognized as a disease, brucellosis can still be categorized as a accidental personal injury. This categorization depends upon an examination of the essential characteristics of an accidental injury and a determination that such characteristics did attend the contraction of the disease here, brucellosis.

An accident has been defined as "an event happening without any human agency, or if happening through human agency, an event which, under the circumstances, is

1. 85 O.S.1971 § 3(16) (amended by 85 O.S. Supp. 1980 § 10.)

*unusual* and *not expected to the person to whom it happens."* *Andrews Mining & Milling Co. v. Atkinson,* 192 Okl. 322, 323, 135 P.2d 960, 961–62 (1943). (Emphasis added.) The Court of Appeals cited in their opinion a medical report that stated brucellosis is "common in people working with these three animals [cattle, hogs, and goats] and is therefore for the most part seen in farmers, veterinarians and slaughterhouse workers," and a statistic, cited in Beeson & MacDermott, *Textbook of Medicine* at 389 (14th Ed. 1975), that fewer than 200 cases of brucellosis are diagnosed each year in the United States.

▪ Using the statistic to interpret the medical report, although brucellosis occurs among people in contact with infected cattle, hogs or goats, it does *not* occur with regularity or to the extent that it is a *usual* and *expected* result of working with cattle, hogs or goats. Since "the basis of a claim for compensation must be a casualty occurring without expectation or foresight . . .," *St. Louis Mining & Smelting Co. v. State Industrial Comm'n,* 113 Okl. 179, 182, 241 P. 170, 172 (1925), the low number of cases of brucellosis among the many people working with cattle, hogs or goats qualifies brucellosis as just such a casualty in this case.

The definition of an accidental injury has been clarified further by its comparison to the definition of an occupational disease in that an accident "arises by some definite event, the date of which can be fixed with certainty, but which cannot be so fixed in the case of occupational disease." *Black, Sivalls & Bryson, Inc. v. Silvey,* 184 Okl. 176, 178, 86 P.2d 327, 328 (1938) (quoting *Indian Territory Illuminating Oil Co. v. Sharver,* 157 Okl. 117, 119, 11 P.2d 187, 188 (1932)). Although this somewhat strict requirement of a "definite event" has been mitigated by later decisions stating that the injury "may be inflicted progressively and over a more or less lengthy period rather than being confined to infliction on one definite date and as the result of an isolated or particular event," *Macklanburg-Duncan Co. v. Edwards,* Okl., 311 P.2d 250, 255

(1957), and that "[i]t is no longer necessary . . . that in order to make an injury compensable there must be a slip, fall, or impact," *Nelson v. City of Oklahoma City,* Okl., 573 P.2d 696, 698 (1977), it is important to remember that the Court was dealing with injuries sustained from repetitive trauma (*Macklanburg-Duncan*) and from aggravation of a pre-existing condition (*Nelson*).

▪ Although the time frame for the occurrence of some types of injuries may have been expanded and the physical impact requirement abandoned, no decisions have refused to recognize the requirement that a causal connection must exist between the employment and the injury or have refused to recognize that some proof of an accidental injury must exist before there can be an award. *Loggins v. Wetumka General Hosp.,* Okl., 587 P.2d 455 (1978); *Bareco Oil Co. v. Green,* 194 Okl. 580, 154 P.2d 72 (1944). Even in *Macklanburg-Duncan* and *Nelson,* the claimants were able to determine the event or noticeable occurrence which resulted in the injuries.

▪ Therefore, a claimant has the burden of establishing an accidental injury and the consequent resulting disability. *St. Louis Mining & Smelting Co. v. State Ind. Commission,* 113 Okl. 179, 181, 241 P. 170, 172 (1925). Claimant has demonstrated the fact that he has a disability incurred from brucellosis, and the query narrows to review of the respondent's proof of accidental injury arising from employment.

The case of *City of Nichols Hills v. Hill,* 534 P.2d 931 (Okl.1975), presented a similar situation both factually and in legal principle. There the claimant contracted histoplasmosis and attempted successfully to bring that disease within the ambit of an accidental injury. Therein the period of infection of the body with the microorganism causing the disease was determined by expert testimony simply to be "compatible with" the single instance of exposure. We held the evidence presented was sufficient to support the award. We find the circumstantial evidence there held sufficient was less persuasive than that before us here. In

*Hill, supra*, the opinion reflects that claimant mowed grass for the city and that the microorganism causing the illness was widespread. "Histoplasmosis is a widely occurring common infection . . ." Additionally, we stated "causative organisms are located in soil contaminated by droppings of various animals, and particularly fowl and birds." We do not find the circumstantial evidence any less persuasive in the case at bar simply because the injured party proved the disease was endemic where he worked and contaminating events happened frequently during the period the infirmity was contracted. Indeed, the respondent's circumstantial evidence was less compelling in *Hill, supra*, than in the instant proceeding because the respondent here produced evidence that the exposure was limited to the work site, where in *Hill*, one must draw the conclusion that the infection could have easily been acquired from breathing spore-laden dust from any place birds frequent, not simply while engaged in the employer's task of mowing.

The respondent presented evidence in the form of a doctor's opinion. That opinion states, "Brucellosis is a disease endemic in cattle . . ." Webster's New International Dictionary (Third Ed. 1966) defines endemic as: "3: peculiar to a locality or region—used of a disease that is constantly present to a greater or less extent in a particular place; distinguished from epidemic, sporadic." Evidence as presented by the doctor's report is sufficient to establish that the respondent was exposed to this disease "constantly to a greater or lesser extent," and the Industrial Court was entitled to conclude the respondent was exposed to the disease at his place of employment. The transcript of proceedings before the trial authority discloses direct testimony from the respondent to the effect he had not come into contact with cattle or cow hides at places other than his work at Wilson and that during the time respondent contracted the disease his hands were cracked from the salt solution used in the hide room. Additionally, respondent testified that salt and associated fluids found their way into his eyes regularly.

The law applicable to this set of factors is set forth in *Terry Motor Co. v. Mixon*, 361 P.2d 180 (Okl.1961). There it was contended that the injury incurred did not arise out of the employment as a result of inability to prove the injury arose from a physical altercation which was not instigated by the claimant. No direct evidence was available to determine the instigator or the extent of claimant's participation. The court noted various circumstantial facts, such as the opponent's propensity to scuffle, and the fact that he was of more robust build and younger age than decedent. The Court then stated the record did not compel a finding that decedent's aggression caused the altercation but rather presented a chain of facts and circumstances from which reasonable men could draw opposite inferences. The Court upheld the award, making the following observations on circumstantial evidence in a workmen's compensation proceeding:

> In determining the question of whether an injury arose out of the employment the State Industrial Court is not restricted or confined to the proof adduced by the claimant but can properly consider the record in its entirety and may resolve such issue of fact from circumstantial evidence which does not rise to that degree of certainty as to preclude reasonable men from drawing opposite inferences. *Burch v. Slick* [167 Okl. 639, 31 P.2d 110], supra; *Tulsa Frozen Foods Co. v. Pendergraft*, Okl., 317 P.2d 1115; *Young v. Neely*, Okl., 353 P.2d 111. See also *Special Indemnity Fund v. Horne*, 208 Okl. 218, 254 P.2d 988. Any reasonable doubt as to whether an injury did in fact arise out of employment should be resolved in favor of the workman. *Town of Granite v. Kidwell*, [Okl., 263 P.2d 184] supra.
>
> *Terry Mtr. Co. v. Mixon*, 361 P.2d 180 (Okl.1961).

This Court has stated repeatedly that circumstantial evidence may be utilized to establish a claim for compensation without evidence that excludes every reasonable conclusion other than that reached by the

trial authority. *Matter of Death of May,* 586 P.2d 738 (Okl.1978); *Farmers Co-Op Exchange of Weatherford v. Krewall,* 450 P.2d 506 (1969); *Flint Construction v. Downum,* 444 P.2d 200 (Okl.1968); *Gulf Oil v. Harris,* 425 P.2d 957 (Okl.1967).

■ When a claimant attempts to bring an illness within the ambit of an accidental injury he is bound to prove the infirmity conforms to the criteria laid down in an accidental injury situation. Petitioner's objection that no proof of specific date of infection is fatal to recovery would obtain except for the fact that within the rather indeterminate incubation period for this disease the claimant testified several contaminating incidents occurred with frequency, and as previously mentioned they are, handling hides with cracked skin, smoking while on duty and having hide-contaminated salt splash in the eyes.

■ The record presents no evidence that the disease could have been contracted at a place other than the place of employment. The circumstantial evidence presented will support a finding that the contamination was an event which was an accidental injury resulting from employment, notwithstanding the fact that the circumstantial evidence does not exclude every other reasonable conclusion but that found by the trial authority.

OPINION OF COURT OF APPEALS, DIVISION 2, VACATED; TRIAL COURT AFFIRMED.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, HODGES, BARNES, SIMMS and DOOLIN, JJ., concur.

OPALA, J., disqualified.