(708 P.2d 556)

No. 57,742

GARRY L. BALDWIN, *Appellee*, v. JENSEN-SALSBERY ⋅ LABORATORIES and LUMBERMEN'S MUTUAL CASUALTY COMPANY, Respondent and Insurance Carrier, *Appellants*.

Petition for review denied January 24, 1986.

Opinion filed November 14, 1985.

*Jon S. Willard*, of Olathe, for the appellants.

*George E. Mallon*, of Kansas City, for the appellee.

Before ABBOTT, C.J., BRISCOE, J., and STEVEN P. FLOOD, District Judge, assigned.

FLOOD, J.: This is an appeal by the respondent and insurance carrier from a workers' compensation award to the claimant on the basis of accidental injury. The claimant, Garry L. Baldwin, was employed as a heating and air conditioning mechanic by the respondent, Jensen-Salsbery Laboratories. The respondent, among other things, cultures brucella in Building 9 of the plant in which claimant worked. On December 21, 1979, the claimant became ill at work and passed out. He was ultimately diagnosed as having contracted brucellosis.

Garry L. Baldwin made claim for compensation alleging that brucellosis was an occupational disease. The Administrative Law Judge found the claimant had contracted an occupational disease, brucellosis, in his employment and awarded temporary total disability and medical expenses but denied permanent partial disability compensation. On review the Workmens' Compensation Director also found brucellosis to be an occupational disease but found the claimant had sustained a 15% diminution in earning capacity and awarded $14,202.29 in addi-

tional compensation. On appeal, the district court found the brucellosis was a result of accidental injury and awarded the claimant $23,067.28 for a 75% permanent partial disability.

The respondent and insurance company appeal, contending the district judge was incorrect in finding brucellosis to have been contracted by accident rather than its being an occupational disease, and further questioning the measure of damages for occupational disease. If the district court was correct in finding an accidental injury, we need not reach respondent's second issue.

The claimant was not a laboratory employee but a maintenance worker. Over a period of time he had worked in a plant which may have been contaminated by brucella cultures. On the other hand, claimant did testify to an incident in December 1979, two weeks before he became ill, in which he cut his hand on sheet metal. He then retrieved a tool from the floor which had fallen into liquid containing the brucella. It was this incident which formed the basis for the district court's finding of accidental injury.

The Supreme Court in *Martin v. Cudahy Foods Co.*, 231 Kan. 397, 646 P.2d 468 (1982), had occasion to deal with the distinction between occupational disease and accidental injury. The examiner had found tenosynovitis to be an accidental injury, but the district court based the award on contraction of an occupational disease. The Supreme Court held it was an accidental injury, saying:

"[A]n occupational disease must result from the nature of the employment which requires that there be attached to the employment a particular and peculiar hazard of such disease which distinguishes the employment from other occupations and which carries with it a special risk of such disease connected with the particular type of employment. The disability suffered by claimant was one which may be common to numerous occupations or employments where repeated cyclic use of a portion of the body may result in inflammation of tendons and sheaths." 231 Kan. at 399-400.

The claimant was a maintenance worker, not a laboratory technician. He cut his hand and it became infected from conditions existing at the plant where he worked at the time. Such an injury is common to many occupations. While brucellosis may be classified as an occupational disease in many states, there are cases in which it has been held to be caused by accidental injury. In *Mid-South Packers, Inc. v. Hanson*, 253 Miss. 703, 178 So. 2d

689 (1965), the claimant was a maintenance man in a packing house. He constantly incurred numerous cuts and scratches on his hands and eventually contracted brucellosis. Noting that the number of cases at the plant were insufficient to indicate that a workman in claimant's position would expect to contract such a disease, the court held brucellosis to be caused by accident. In *Wilson Foods Corp. v. Porter*, 612 P.2d 261 (Okla. 1980), the claimant worked in a hide cellar and his exposure to salt caused the skin on his hands to crack. Noting that brucellosis could be classified as either an accidental injury or as an occupational disease, the court held testimony of numerous contaminating incidents was ample proof of accidental injury. See also *Ridley Packing Company v. Holliday*, 467 P.2d 480 (Okla. 1970). The evidence in this case supports the trial court's conclusion that the claimant contracted brucellosis by accident and disability on this basis was properly awarded.

The respondent and insurance carrier claim prejudice because the claim for compensation was made for occupational disease. In *Bahr v. Iowa Beef Processors, Inc.*, 8 Kan. App. 2d 627, 663 P.2d 1144 (1983), a similar claim was advanced. The initial claim was for compensation by reason of accident or occupational disease but the claim was tried on the theory of occupational disease. The administrative law judge found the claimant had proven an accidental injury. The court stated:

"The purpose of the notice provisions contained in the Workmen's Compensation Act is to afford the employer an opportunity to investigate the accident and furnish prompt medical treatment. Prejudice may arise from lack of notice if the employer is substantially hampered in making an investigation so as to prepare a defense." Syl. ¶ 4.

The testimony to support an accident was elicited from the claimant at the initial hearing. The respondent defended on the theory that claimant did not have brucellosis. The defense would have been the same if accidental injury had been claimed. We find no prejudice.

Since the trial judge's decision was correct, it is unnecessary to decide the proper measure of compensation for occupational disease.

Affirmed.