LEWIS E. TAYLOR *vs.* GEORGE W. BUSH AND SONS COMPANY, a corporation under the laws of the State of Delaware.

*Case—Personal Injuries—Master and Servant—Fellow-Servant— Employment from Day to Day—Leaving the Premises at Time of Accident—Day's Work over and Paid For—Nonsuit.*

1. The plaintiff had been in the employ of the defendant company for about three months preceding the day of the accident; in the course of his employment, which was from day to day, he was in the habit of taking his dinner pail to the stable in the morning, on the premises, of the defendant, eating his dinner on the premises at noontide, and after the day's work was over, of taking his dinner pail away from the place where he had kept it during the day; that at the time of the accident the plaintiff had actually been paid off for the day, and was going, as was his custom, to the stable to take home his dinner pail; that the plaintiff lived so far away that he had to take his dinner every day to his place of employment and was permitted and directed to keep his pail in the stable. *Held*, that at the time of the accident the plaintiff was, in going for his dinner pail, in the enjoyment of a privilege which was granted to him by his employers only as an employee, that it was connected with and incident to his employment at the time of the accident, and the relation of master and servant then existed between the plaintiff and the defendant company.

2. The injuries having been caused by the act of another workman of the defendant, engaged in the same business, and not in any of the primary duties which a master owes to a servant; *held* that such other workman was a fellow-servant with the plaintiff, that the plaintiff could not recover from the company, and a nonsuit should be entered.

*(June 28, 1905.)*

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Franklin Brockson* for plaintiff.

*Christopher L. Ward* and *John P. Nields* for defendant.

Superior Court, New Castle County, May Term, 1905.

ACTION ON THE CASE (No. 50, May Term, 1904), to recover damages for personal injuries to plaintiff received on the 7th day of April, 1903, occasioned, as alleged, by the negligent act of one of defendant's servants in throwing a bale of straw from the loft of defendant's stable at Second and French Streets in the City of Wilmington upon the head of the plaintiff, whereby two bones of his neck were fractured and he was otherwise greatly injured.

The facts sufficiently appear from the briefs of counsel, and the opinion of the Court.

After the plaintiff had rested, counsel for defendant moved for a nonsuit and in support of said motion presented the following brief.

DEFENDANT'S BRIEF ON MOTION FOR NONSUIT.

1. Plaintiff's injury was due to the negligence of Blake, a fellow-servant.

Plaintiff assumed the risk of Blake's negligence and can not recover. Blake was employed by defendant as the driver of a coal wagon and plaintiff was employed as a "helper" to accompany the coal wagon in loading and delivering coal. The injury to plaintiff was caused solely by the act of Blake in throwing a bale of straw from the second story of defendant's stable upon plaintiff who was passing from the stable into defendant's stable-yard. The injury occurred immediately after working hours. If the injury had occurred during working hours there could be no question that the plaintiff would be held to have assumed the risk of Blake's negligent act as a risk of his employment.

2.  Plaintiff's employment was not limited precisely to his hours of work.

The period of plaintiff's employment covers the doing of all acts contemplated by his contract of service. Every contract of service requires the servant to perform certain duties and authorizes the servant to exercise certain rights or privileges. Going to work returning from work, eating a noonday meal are actions of a servant outside the performance of his work yet contemplated by the contract of service. Where the master affords for the special use of the servant the means or accommodation for going to work or returning from work or eating a noonday meal, then those means or accomodations are rights or privileges of the servant incident to his contract of service. Those rights or privileges belong to the employment. Risks incurred by a servant while exercising such rights or privileges are risks of his employment. A servant injured while exercising such a right or privilege by the negligence of a fellow-servant assumes the risk of that injury as a risk of his employment.

*Gilshannon vs. Stony Brook R. R. Co., 10 Cush., 288; Brydon vs. Stewart, 2 Macq. H. L. Cas., 30; Dishon vs. Cincinnatti N. O. & T. P. Rwy. Co., 126 Fed., 194, 201; Lowell vs. Howell, L. R. 1. C. P. D., 161; Ionne vs. Railroad, 21, R. I., 452 (44 Atl., 592); Seaver vs. Boston & Maine R. R. Co., 14 Gray, 466; Gillman vs. Eastern R. R. Co., 10 Allen, 233; McGuirk vs. Shattuck, 160 Mass. 45; Boldt vs. New York Central R. R. Co., 17 N. Y., 432; Crowe vs. New York Central R. R. Co., 70 Hun., 37; Mele vs. Delaware Hudson Canal Co., 14 N. Y. Supp., 630; Helmke vs. Thilmany, 107 Wisconsin, 216; Rosenbaum vs. St. Paul R. R. Co., 38 Minn., 173; Wright vs. North Hampton R. R. Co. (N. C.), 29 S. E., 100.*

3.  Getting his lunch basket from defendant's stable after work was an incident of plaintiff's employment. While so acting plaintiff assumed the risk of Blake's negligence as a risk of his employment.

The thirty minutes allowed by defendant for dinner compelled plaintiff, who resided at a distance, to eat near defendant's premises. From time immemorial defendant had accorded to drivers of coal and express wagons and to "helpers" the privileges of hanging their dinner boxes at the stables before work, of eating their dinner at the stable at noon and going for their dinner boxes after work. This privilege was accorded to facilitate defendant's work as much as to accomodate its servants. Before quitting defendant's premises plaintiff walked from one part of the defendant's premises where he was paid his day's wages, to another part of defendant's premises for his dinner box. No one except servants of defendant could eat at the stable. Going for his dinner box was a privilege accorded to plaintiff, because he was a servant and an incident of his contract of service by immemorial usage.

*Boyle vs. Columbian Fire Proofing Company 182, Mass., 93; Olsen vs. Andrews, 168 Mass., 261; Bowles vs. Ind. R. R. Co., 62 N. E., 94; Neldmaier vs. Cobbs, 96 Ill. App., 315.*

4.  The negligence alleged in each count of the declaration is a breach of the duty of the owner of premises with a passage-way to a person walking upon the passage-way by the invitation of the owner.

Plaintiff declares as a stranger using a passage-way upon defendant's premises by its invitation. It clearly appears that the invitation was a privilege incident to plaintiff's employment.

No invitation was extended to anyone except as a servant. A person not a servant upon these premises would be a tresspasser. The invitation which the proof discloses is a right granted by defendant to plaintiff as incident to his contract of service.

See cases *supra*.

### PLAINTIFF'S BRIEF OPPOSING NONSUIT.

1.  "The master is only exempted from liability when the servant is actually engaged in the service. If his time is his own

at the time when the injury occurred, and he is not at fault, he is entitled to recover in a case where any stranger could recover. When the servant's day's work is ended and he has left his place of work, the relation of master and servant ceases for the time being, and he stands to the master in the same relation as any other citizen, and as to whether the relation in fact existed when the injury was received is a question for the jury."

*Wood's Law of Master and Servant, Sec., 404; B. & O. R. R. Co. vs. State, use of Traynor et. al., 33 Md., 542; State, use of Abell vs. Western Md. R. R. Co., 63 Md., 433; Baird vs. Pettit, 70 Pa. St., 477; McNulty vs. Penna. R. R. Co., 182 Pa. St., 479; O'Donnell vs. Allegheny Valley R. R. Co., 59 Pa. St., 239; Dickenson vs. West End Street Ry., 177 Mass., 365, 367; Doyle vs. Fitchburg R. R. Co., 162 Mass., 66; Packet Co. vs. McCue, 17 Wall. (U. S.), 508; Orman vs. Salvo., 117 Fed., 233; Whitney vs. N. Y., N. H. & H. R. Co., 102 Fed., 856; Ellsworth vs. Metheny, 104 Fed., 119; Ill. Cent. R. R. Co. vs. Leiner, 202 Ill., 624; Sullivan vs. New York &c. Ry., 73 Conn., 203; Washburn vs. Nashville &c. R. R. Co., 3 Head. (Tenn.), 638; Chatt. Rep. Trans. Co. vs. Venable, 105 Tenn., 460; Gillenwater vs. Madison &c. R. Co., 5 Ind., 339; Louisville & N. R. Co. vs. Scott, 56 S. W., (Ky.) 674; Hammill vs. L. & N. R. Co., 93 Ky., 343; Broderick vs. Detroit Union Depot Co., 56 Mich., 261.*

2.   " Where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from want of care."

*Scott vs. London &c. Dock Co., 3 Hurl. & Colt., 596; Woolley vs. Scovill, 3 Manning & Ryland, 105; Byrne vs. Boadle, 2 Hurl. & Colt., 722; Kearney vs. London &c. Ry., L. R. 6 Q. B., 759; Corrigan vs. Union Sugar Refinery, 98 Mass., 577; Graham vs. Badger, 164 Mass., 42; Feital vs. Middlesex Ry. Co., 109 Mass.,*

*398 ; White vs. Boston & Albany R. R. Co., 144 Mass., 404 ; Houser vs. Cumberland &c. Ry. Co., 80 Md., 146 ; Western Union Tel. Co. vs. Nelson, 82 Md., 293 ; Dehring vs. Comstock, 78 Mich., 153 ; Carroll vs. Chicago &c. Ry. Co., 99 Wis., 399; Kaples vs. Orth et. al., 61 Wis., 531 ; Cummins vs. Nat. Furnace Co., 60 Wis., 604 ; Excelsior Electric Co. vs. Sweet, 57 N. J. L., 224; Mickee vs. Wood, &c. Co., 70 Hun., 436 ; Alex. vs. Nanticoke Lyter Co., 17 Am. Neg. Rept. (Ad. Sheet), 354 ; Stokes vs. Saltonstall, 13 Pet. ( U. S.), 181 ; Wood et. al. vs. Wil. City Ry., 5 Pennewill, 369 ; Mullin vs. St. John, 57 N. Y., 567.*

LORE, C. J. :—The Court have considered the motion for a nonsuit made in this case and ably and thoroughly argued by counsel on both sides, and are prepared to announce our unanimous opinion.

It appears that the plaintiff, Lewis E. Taylor, on the day of the accident, was in the employ of the defendant company and had been in their employ for about three months immediately preceeding that day ; that in the course of his employment, from day to day, he was in the habit of taking his dinner pail to the stable in the morning, eating his dinner on the premises at noontide, and after the day's work was over, of taking his dinner pail away from the place where he had kept it during the day ; that this privilege was incident to and connected with the employment extended to him as an employee and by that right he took his pail there, kept it there and took it away from there at the close of each day ; that at the time of the accident he had been actually paid at the office for that day and had gone, as was his custom, to the stable to take home his dinner pail.

He was therefore in the enjoyment of a privilege which was granted to him by his employers only as an employee. It was connected with and incident to his employment at the time of the accident. The enjoyment of it therefore continued unbroken the relation of master and servant, at the time of the accident, between the plaintiff and the defendant company.

It further appears that while the plaintiff was engaged in taking away the dinner pail one Blake, who was a driver of the defendant company, employed in the same business, threw a bale of straw down from the loft of the defendant's stable, which bale fell upon the plaintiff's head and injured him as has been detailed by the witnesses. It further appears that Blake was not then engaged in any of the primary duties which a master owes to a servant, such as the furnishing of safe tools, a reasonably safe place, etc., but was simply a fellow-servant with the injured man. And if the act of Blake's which caused the injury to the plaintiff was negligent, Blake would be liable, he being a fellow-servant, but the master or employer would not be liable, because there was no such relation subsisting between Blake and the master in that respect as to make Blake the vice principal of the master or render the latter liable for such injury.

This being the case as disclosed by the evidence of the plaintiff, the relation of master and servant was subsisting and this plaintiff being in the lawful enjoyment of an incident of his employment, connected with his employment and the injury being caused by a fellow-servant, the master would not be liable, under the law. It was a risk assumed by the servant. The Court are unanimously of the opinion that a nonsuit ought to be granted, and much as we regret to take a case from the jury, we feel constrained to direct that a nonsuit be entered.

*Mr. Brockson :*—If the Court please, the plaintiff declines to take a nonsuit.

LORE, C. J., charging the jury :

Gentlemen of the jury :—For the reasons which we have stated in granting the nonsuit, and others not necessary to name, we now direct you to return a verdict in favor of the defendant.

Verdict for defendant.