## ECHOLS v. HURT et al.

No. 11332—Opinion Filed Jan. 6, 1925.

Rehearing Denied Feb. 2, 1926.

**1. Master and Servant—Personal Injuries by Employe — Negligence of Owner of Automobile—Injuries—Scope of Employment.**

An employe employed by the owner of a garage to operate service cars at the request and direction of the owner, and who is to go home for his midday meal, is not, when using the automobile to go to such meal, without the permission or knowledge of the owner, within the scope of his employment, so as to render the owner liable for the employer's negligent act in injuring a pedestrian with the machine. An automobile is not a dangerous instrumentality.

**2. Evidence—Presumption—When Inoperative.**

A "presumption" in the true sense, that is, a legal presumption, is in its characteristic feature a rule of law attaching to evidentiary facts certain procedural consequences as to the duty of production of other evidence by the opponent. If the opponent does offer evidence to the contrary, the presumption disappears and the case stands upon the facts and the reasonable inferences to be drawn therefrom.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Muskogee County; Chas. G. Watts, Judge.

Action by C. Echols against Wood Hurt and others, doing business under the firm name of Wood Hurt Motor Company. From the judgment, plaintiff appeals. Affirmed.

Harry G. Davis and Neff & Neff, for plaintiff in error.

James W. Cosgrove, for defendants in error.

Opinion by LYONS, C. Plaintiff sued defendants, a copartnership, for damages accruing by reason of personal injuries received in an automobile accident. Plaintiff alleged that he was struck while leaving a street car and crossing the street, by a service car belonging to defendants and operated by their agent, servant, and employe. Defendants admitted the ownership of the car and that the driver thereof was in their employ. They contended, however, that at the time and place said injuries were sus-

tained by plaintiff, the driver of the car, one Buchannan, was not driving or operating said automobile as the agent, servant, or employe in their business, but that said Buchannan was engaged upon an independent mission of his own wholly separate and apart from the business of his employers.

It was further contended by plaintiff that Buchannan at the time of the infliction of said injuries was on the business of his employers, and that he was using said car for the purpose of going home to his dinner, thereby shortening the time of his noon absence and expediting his return to work, for the benefit of his employers. There was a sharp conflict in the testimony concerning the material issues of fact, and this was resolved by the verdict of the jury in favor of the defendants. The plaintiff appeals.

The first error assigned is the refusal of the court to permit the unverified original answer of the defendants to be introduced in evidence. The original answer of the defendants was an unverified general denial; the first amended answer was an unverified general denial. The second amended answer contained a specific denial of the allegations of agency, and was duly verified in compliance with section 287, Comp. Stat. 1921. It is contended by appellant that the original unverified answer, since the same failed under certain circumstances to put in issue an allegation of agency, should have been admitted in evidence as an admission of agency. We think that this contention is highly technical. It is clear that the failure to verify the answer was an oversight which the court permitted the defendants to correct by filing a verified answer. Therefore the alleged error is not substantial and is not ground for reversal.

Appellant's second assignment of error is predicated upon the action of the trial court "in not allowing questions to be answered which were asked to show specifically that Harvey Buchannan used the automobile of the defendants every day from the time of the accident until he left the employment of the defendant's for the purpose of going to his dinner and for any other purpose." The alleged error is predicated upon the following cross-examination: "Q. You continued using that car after May 3, didn't you?" (Question asked of Buchannan on cross-examination). Upon an objection thereto the court sustained the same. We cannot agree that the form of the question was proper or material to establish the contention set forth in the assignment of error. It does not appear from the form of the question that it was material at all, and the action

of the trial court in sustaining the objection was not manifest error. It should be recalled by counsel presenting cases in this court that error is not presumed, but must be made manifest. The claim of error based on this assignment therefore is plainly insufficient.

The fourth assignment of error is to the effect that the trial court erred in instructing the jury many different times that the defendants were not responsible for the operation of the automobile by an employe with the knowledge and consent of the defendants if the employe was at the time using it for his personal convenience in going to his noon meal. The foregoing error is predicated upon the giving of instructions numbered 9, 10, 11, 12, 12a, and 13, which are as follows:

"If the jury shall believe and find from the evidence that the driver of said car, at the time and place plaintiff was injured, was driving said car for his own private ends and purposes, with defendant's knowledge or consent, and not in the performance of any act or service for the defendant, then plaintiff cannot recover in this case.

"* * * This will not make the defendant liable in this case, unless you further believe * * * that said driver, at the time and place of said accident, was engaged, in the defendant's business and not in his own private affairs.

"If the jury shall believe and find from the evidence that the defendant had forbidden the witness Buchannan, who was driving defendant's car at the time and place plaintiff was injured, to use said car for said Buchannan's personal convenience or pleasure, and that at the time and place of said accident said car was being so used exclusively, then plaintiff cannot recover in this case.

"If the jury shall believe and find from the evidence that the car, which struck and injured plaintiff, was, at the time and place of striking plaintiff, being used by the driver thereof as a personal convenience to go to his home for his dinner, and not in furtherance of defendant's business, then plaintiff cannot recover in this case, even though the driver of said car may have violated ordinances of the city of Muskogee, at the time and place of the accident.

"If the jury shall believe and find from the evidence that the car which struck and injured plaintiff belonged to the defendant and was being driven by the witness Buchannan, an employe of the defendant, with the knowledge and consent of the defendant, then plaintiff cannot recover in this case, unless said driver was, at the time and place of the accident, doing some act or service in de endant's business."

We think the foregoing instructions must be considered in connection with instruction numbered 7, which is as follows:

"You are further instructed that the plaintiff cannot recover herein on the fact alone that the witness Buchannan was using the car in going to and from his dinner with the expressed or implied authority from the defendant to so use the car, but you must further find and believe from the evidence that the witness Buchannan was doing and performing some duty in the line of his employment, but in this connection you are instructed that if you find and believe from the evidence that the witness Buchannan was using the car to go to and from his dinner in order to more quickly return to his duties at an earlier hour for the benefit of his employer, and that his employer expressly or impliedly consented and acquiesced in the use of the car for such purposes, then you are instructed that such use of the car would be in the line of the said Buchannan's employment."

We think that, when all of the instructions are read together, and when instruction numbered 7 is given full consideration, in view of the well-known rule that the instructions must be taken as a whole, the learned trial court did not commit any error. Instruction numbered 7 seems to be in harmony with the cases cited by the appellant; Sina v. Carlson (Minn.) 139 N. W. 601; Ewald v. Chicago, & N. W. Ry., Co. (Wis.) 36 N. W. 12; Taylor v. Geo. W. Bush & Sons Co. (Del.) 61 Atl. 236; Depue v. Geo. S. Salmon Co. (N. J.) 106 Atl. 379.

There was testimony in sharp conflict with plaintiff's contention, and the court properly submitted the theory of the plaintiff, and the theory of the defendants as well, to the jury. The instructions as a whole stand the test. To hold otherwise it is necessary to go to the extreme limit and to adopt the rule that an automobile is a dangerous instrumentality, and that a master who entrusts such a machine to a servant for use on a public highway is chargeable with injuries resulting from the servant's negligence. So far as we are advised, no court has adopted this rule, and we think that in view of the wide-spread use of automobiles for varied purposes, such rule would work an undue hardship upon automobile owners. See 1 Thompson on Negligence (2nd Ed.) section 526, and Symington v. Sipes (Md.) 88 Atl. 134. 47 L. R. A. (N. S.) 666. Therefore the fourth assignment of error must be overruled.

The third assignment of error is predicated upon the refusal of the trial court to give the following instruction:

"You are instructed that the fact that plaintiff was injured by an automobile owned by the defendant and driven by his employe raised a presumption that the defendant was responsible for the operation of the automobile."

It is the theory of the plaintiff in error that a presumption arose from the relationship which has evidentiary or probative value, and that the court should have so instructed the jury. However, in this case there was a sharp conflict on the identical issue which the plaintiff desired to establish by the presumption. The rule in this jurisdiction is that, when evidence was offered by the parties to the action on the question of whether Buchannan was acting for the defendants and within the scope of his employment at the time of the accident, the presumption vanished. In other words, when such contention was confronted by the introduction of proof, the presumption vanished and the question was one to be determined by the jury from the facts disclosed by the evidence introduced upon the trial and the reasonable inferences to be drawn therefrom. This rule has been laid down in the case of McCullough v. Harshman, 99 Okla. 262. 226 Pac. 555, and the case of Stumpf v. Montgomery, 101 Okla. 257, 226 Pac. 65. In the latter styled case the court in the fifth paragraph of the syllabus laid down the rule as follows:

"A 'presumption' in the true sense, that is, a legal presumption, is in its characteristic feature a rule of law laid down by the judge, and attaching to evidentiary facts certain procedural consequences as to the duty of production of other evidence by the opponent. If the opponent does offer evidence to the contrary, the presumption disappears and the case stands upon the facts and the reasonable inferences to be drawn therefrom."

It appears, therefore, that the case was fairly tried upon controverted facts; that the instructions of the court, taken as a whole, properly state the law, and that the verdict of the jury is reasonably supported by the evidence. Therefore the decision of the trial court is affirmed.

By the Court: It is so ordered.

Note—See under (1) 26 Cyc. p. 1537; (2) 22 C. J. pp. 83. 124.