Dora Mae **ROTRAMEL**, Individually and as mother and next friend of Janice Anett Rotramel, Appellants,

v.

**PUBLIC SERVICE COMPANY, Appellee.**

No. 47476.

Supreme Court of Oklahoma.

June 17, 1975.

Rehearing Denied March 16, 1976.

Don L. Dees, Tulsa, for appellants.

Robert L. Lawrence, R. Dobie Langenkamp, Tulsa, Robert W. Blackstock, Bristow, for appellee.

DOOLIN, Justice.

This is a wrongful death action by the heirs of John Austin Rotramel who was electrocuted when the aluminum ladder he was using while cleaning a building came in contact with defendant's 13,200 volt power line.

Plaintiffs allege in their amended petition that defendant power company was negligent in locating its uninsulated high voltage lines too close to the building, and in failing to install and maintain such lines with the highest degree of care and to warn persons who might be on the property of the danger involved.[1]

The defendant demurred to the petition on the grounds that it did not state facts sufficient to constitute a cause of action. The trial court sustained the demurrer and dismissed the case. Plaintiffs appealed.

The issue to be decided is whether plaintiffs' failure to plead specifically defendant's non-compliance with the National

---

1. Plaintiff's amended petition reads in pertinent part as follows:

"(a) In locating their power line in such close proximity to the pre-existing metal building, to-wit: approximately ten (10) feet, when it was aware, or in the exercise of due care, should have been aware that ladders and scaffolding ordinarily used in the painting and repair of said metal building could be expected to be in hazard of contact with said power supply while being installed or moved with consequent danger to workmen such as your decedent.

"(b) Further, in failing to warn persons on the property who could be expected to be on and about the said metal building that defendant's wires were carrying a high voltage and were dangerous.

"(c) In failing to have the wires of such high and potentially dangerous voltage of electricity installed underground or installed in proper conduits.

"(d) In failing to exercise the highest degree of care and maintain its wires in the safest manner known to science and to use a high degree of care commensurate with the dangers to your decedent and other workmen.

"(e) In failing to install and maintain said electric supply lines so as to reduce hazards to life and safety as far as practicable."

Electric Safety Code (Code) is fatal to their petition. We hold that it is not.

The Oklahoma Corporation Commission in 1922 promulgated order No. 2072 prescribing rules and regulations for electric utilities. Rule No. 7(d) states:

"Accepted good practice shall be defined by the rules governing construction, operation and maintenance as found in the current editions of the National Electrical Safety Code and the National Electrical (Fire Code)"

and Rule No. 40(b) reads:

"(b) All construction, operation and maintenance of the plant, facilities and equipment of each utility shall comply fully with the requirements of the National Electrical Safety Code and the National Electrical (Fire) Code, thereby taking all possible care to reduce the life hazard: (1) to which employees are subjected by working in stations and substations and on overhead and underground lines; (2) to which the utility's consumers may be subjected by the introduction of its wires into the residences of the consumers; (3) and to which general public may be subjected by the presence of overhead wires in the public streets and ways."

This rule was still in effect at the time of the accident although it has since been superseded by order No. 104932 of May 1, 1974.

A regulation or rule promulgated by an administrative agency charged with administration of an act has force and effect of law, *United States v. Stanolind Crude Oil Purchasing Co.*, 113 F.2d 194 (10th Cir. 1940) and there is a presumption in favor of legality and of intent to comply with the law. A violation of a statute will not be presumed but must be proved by competent and substantial evidence. *Texas Co. v. State ex rel. Coryell,* 198 Okl. 565, 180 P.2d 631 (1947).

Since the plaintiffs did not specifically plead noncompliance with the Code, the Court of Appeals sustained defendant's de-murrer based on the idea that it is presumed that the power line in question met the requirements of the Code and the Corporation Commission's order, since negligence is never presumed.

Defendant relies principally on three cases as setting the standard of care required of electric companies. In *Oklahoma Gas & Electric Co. v. Wilson,* 172 Okl. 540, 45 P.2d 750 (1935), plaintiff's husband was killed when a gin pole on his truck came in contact with defendant's high voltage wires. It was conceded that the height of the electric line met Code standards. The issue was whether O. G. & E. having complied with the Code standards was nevertheless guilty of negligence.

The Court held that a company which placed high voltage electric wires along the roadway as required by law and so that roadway was safe for ordinary use was not liable for injury resulting from contact of gin pole with wires, where gin pole was raised unnecessarily high by persons engaged in hauling and laying pipe. It further stated that such power companies are not insurers against injuries and that the companies are only required to reasonably guard against probabilities, but not against possibilities.

*Rudd v. Public Service,* 126 F.Supp. 722 (N.D.Okl.1954) was an action for wrongful death which occurred when three men were unloading a television antenna and in so doing lost control of it causing it to fall against a high voltage power line more than 24 feet above the street. The Court held that "The *evidence is uncontradicted* that the high voltage line in question was constructed and maintained in a manner commensurate with standards recognized by those engaged in the electric power industry . . . . Although compliance with such safety requirement does not of itself establish that the defendant company was free from negligence inasmuch as such a regulation is a *minimum requirement* to conform with the dictates of reasonable care, apart from unusual conditions the regulation stands as a reasonable guide in

measuring due care." Generally, a power company has no duty to insulate power lines located more than 20 feet above ground or to post signs warning of existence of high voltage transmitted thereby, *but duty may exist under exceptional circumstances.* Where safety code is adopted by a state and constitutes a guide for electric companies, construction and maintenance of lines in accordance with such code constitutes prima facia evidence of absence of negligence. (Emphasis supplied).

Again, in the third case cited by the defendant, *Daniel v. Okahoma Gas & Electric Company,* 329 P.2d 1060 (Okl.1958), a boy was electrocuted when the television antenna he was erecting came in contact with a power line of the defendant. The Court after *hearing the evidence* directed a verdict for the defendant. It also held that in the absence of unusual conditions, the meeting of the requirements of the Corporation Commission and the National Safety Code by a power company constitutes the exercise of due care and is prima facie evidence of the absence of negligence. The Court had examined the record and held that no unusual condition was indicated which would require a greater degree of care than the meeting of these requirements.

██ Defendant contends that the standard of care set by these three cases is that in the absence of unusual circumstances the power company need only comply with the requirements of the Code to show lack of negligence. However, *none* of these cases was decided on a demurrer and evidence of each defendant's compliance with the Code was offered at trial. Assuming that this is the standard, it is a minimum standard only and plaintiff must have the opportunity to show non-compliance or that unusual circumstances do exist requiring the power line to be more than ten feet from the building in order to allow normal maintenance.

██ Prima facie evidence of a fact is such evidence as in the judgment of the law is sufficient to establish the fact and *if not rebutted* remains sufficient for that purpose. *Mayo v. Overstreet,* 107 Okl. 223, 227 P. 396 (1924). A legal presumption is a rule of law laid down by the judge and attaching to evidentiary facts certain procedural consequences as to the duty of production of other evidence by the opponent. *Kramer v. Nichols-Chandler Home Building & Brokerage Co.,* 103 Okl. 208, 229 P. 767 (1924).

██ The presumption that the law has been obeyed is evidence, *De Yo v. Umina,* 121 Cal.2d 505, 263 P.2d 623 (1953) and is rebuttable. If the opponent offers evidence to the contrary, the legal presumption disappears and the case stands on the facts and the reasonable inferences to be drawn therefrom. *Echols v. Hurt,* 116 Okl. 43, 243 P. 493 (1925). Thus a presumption of fact may only have significance at some point after evidence has been offered; when one party demurs to the evidence or moves for a directed verdict or when the court instructs the jury. Justice is usually more certainly served by deciding cases on evidence, if available, than by indulging in presumptions. *Goldfeder v. Johnson,* 392 P.2d 351 (Okl.1964).

██ While *Rudd v. Public Service Company of Oklahoma,* supra requires only that an electric company must exercise reasonable care to avoid injuries, the Court in *Daniel v. Oklahoma Gas and Electric Company,* supra, further held that a power company transporting and selling electricity for a profit, a known deadly and dangerous though useful product, owes a greater degree of care and precaution in its use than that of property of a less dangerous character. This is in line with cases cited by the plaintiff and others holding that power companies are required to exercise the *highest degree* of care and to maintain in the best possible condition the best appliances known to science, to render its business safe, and to use a degree of care, caution and circumspection in keeping with the dangerous character of its business. *LaDow v. Oklahoma Gas and Elec-*

tric Co., 28 Okl. 15, 119 P. 250 (1911), Earl W. Baker Utilities Co. v. Haney, 203 Okl. 91, 218 P.2d 621 (1950), City of Altus v. Wise, 193 Okl. 288, 143 P.2d 128 (1943).

A recent United States Circuit Court of Appeals case arising in Oklahoma and filed under the Federal Tort Claims Act on a wrongful death claim involved a situation similar to the case at bar in that plaintiff's deceased was electrocuted when his aluminum ladder came in contact with defendant's high voltage wires. United States v. Haskin, 395 F.2d 503, 506 (10th Cir. 1968). The Court said "Electricity has traditionally been considered extremely dangerous and the duty of exercising a *high degree of care* is placed upon those dealing with it." The government's compliance with applicable safety codes in constructing and maintaining electricity lines was held not to be conclusive evidence of its due care, but only one factor to be considered. (Emphasis supplied). We believe this to be the better standard.

 A petition must be liberally construed as against a demurrer and all of its allegations of fact must be taken as true, together with all reasonable inferences therefrom, and if any fact stated therein entitles plaintiffs to any relief, the demurrer should be overruled. Johnson v. Steward, 397 P.2d 907 (Okl.1965). As appellants suggest in their brief, it does not appear that this Court has ever required a plaintiff to plead non-compliance with the Code in specific terms in order to avoid a demurrer. The defendant will have the opportunity at trial to offer as a defense its compliance with the Code, as evidenced of its due care and lack of negligence.

Reversed.

WILLIAMS, C. J., HODGES, V. C. J., and BERRY, SIMMS and DOOLIN, JJ., concur.

DAVISON and IRWIN, JJ., concur in part, dissent in part.

BARNES, J., dissents.