**Jon Harper ROBERTS, Appellant,**

v.

**CITY OF STILLWATER, OKLAHOMA, a municipal corporation, and Cindy Waterworth, Appellees.**

No. 54870.

Court of Appeals of Oklahoma, Division No. 2.

Feb. 9, 1982.

Rehearing Denied April 5, 1982.

Released for Publication by Order of Court of Appeals May 7, 1982.

Clee Fitzgerald, Robert A. Nance, Fitzgerald & Worthington, Stillwater, for appellant.

Christopher D. Szlichta, Szlichta & Morgan, Stillwater, for appellee City of Stillwater, Okl.

Charles L. McBride, Stillwater, for appellee Cindy Waterworth.

BACON, Judge.

This appeal involves a suit brought by a citizen of Payne County, Oklahoma, against the City of Stillwater and a Stillwater police officer for false arrest, false imprisonment and violation of civil rights.

On November 6, 1979, Jon Harper Roberts filed a petition in the District Court of Payne County, Oklahoma. The petition alleges that at about 1:05 o'clock a. m. on June 16, 1979, Roberts was driving his automobile on a city street in Stillwater when he was stopped by Officer Cindy Waterworth and told to get out of his car. The officer then, without consent, searched the car and found a partial bottle of beer. The petition further alleges that the officer did not advise Roberts of his constitutional rights or advise him of the grounds for arrest. Roberts was escorted to the police station, placed in jail and later was released upon posting bail.

In defense of the criminal charge, Roberts filed a motion to suppress and a motion to dismiss. When the matter came on for hearing Officer Waterworth failed to appear and the charge was dismissed.

Roberts' petition alleges five numbered causes of action and he seeks damages from both Officer Waterworth and the City of Stillwater for false arrest, false imprisonment and deprivation of his civil rights.[1]

1. Title 42 U.S.C. § 1983 reads:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

The Officer Waterworth and the City of Stillwater filed demurrers to the petition which the trial court sustained. Roberts now appeals.

On appeal Roberts argues under three propositions for error, that basically urge the trial court erred in sustaining the demurrers. The thrust of his argument is the officer did not make a valid arrest and, therefore, appellees, Officer Waterworth and City, are not immune from liability.

Appellees take the position that the arrest was valid; Officer Waterworth was acting within the powers granted to her by City and, therefore, under the "Political Subdivision Tort Claims Act," 51 O.S.Supp. 1979 § 151 *et seq.*, they are exempt from liability.

Section 153 of the Act says:

Each political subdivision of this state shall be liable for loss resulting from its torts ... *subject to the limitations* specified in this act .... (emphasis ours)

Such limitations, are found in § 155, entitled "Exemptions from Liability" and read in part as follows:

A political subdivision or an employee *acting within the scope of his employment* shall not be liable if a loss results from:

\*     \*     \*     \*     \*     \*

3. Execution or enforcement of the lawful orders of any court;

4. Adoption or enforcement of or failure to adopt or enforce a law, whether valid or invalid, including, but not limited to, any charter provision, ordinance, resolution, rule, regulation or written policy;

5. Civil disobedience, riot, insurrection or rebellion or the failure to provide, or the method of providing, police or fire protection. (emphasis ours)

Appellees argue that Officer Waterworth was acting within the scope of her employment as a police officer while enforcing city ordinances prohibiting transportation of open containers of liquor; thus, the limitations expressed above exempts them from liability.

█ A petition must be liberally construed as against a demurrer and all allegations of fact must be taken as true, together with all reasonable inferences therefrom, and if any fact stated therein entitled plaintiff to any relief, the demurrer should be overruled. *Rotramel v. Public Service Co.,* Okl., 546 P.2d 1015 (1976).

█ Accordingly, we must view the facts as alleged in the petition as true and, therefore, we hold appellees position has no merit in cases where the arrest is not valid.[2] If such a position were correct, then under no circumstances could an officer and city be liable for tort as long as the officer claims to be acting within "the scope of his employment attempting to enforce a law." In other words, regardless how flagrant or illegal an officer's arrest or search may be, neither the arresting officer nor the political subdivision could be held liable in tort so long as the police officer said he was "acting within the scope of ... employment."

As we view this case, the pivotal issue is whether Officer Waterworth acted within the scope of her employment and thereby raised the limitations of § 155 *supra.* In this instance which we believe the limitations rest upon whether or not the arrest was valid.

█ As we read cases regarding arrest in Oklahoma, we conclude the arrest by Officer Waterworth was not valid. In *Castellano v. State,* Okl.Cr.App., 585 P.2d 361

---

2. Title 21 O.S.1971 § 535 states: Arrest without authority—Every public officer ... who under the pretense or color of any process or other legal authority, arrests any person, or detains him against his will ... without due and legal process, is guilty of a misdemeanor.

In *Lyons v. Worley,* 152 Okl. 213, 4 P.2d 3 (1931) the court held in the fifth syllabus—An officer making an arrest without a warrant for a misdemeanor not committed or attempted in his presence is liable in damages for trespass and false imprisonment.

Certainly, when a person commits a crime against another, he becomes civilly liable. The fourteenth amendment to the U.S. Constitution and article 2 Section 7 of the Oklahoma Constitution declare no person shall be deprived of life, liberty or property without due process of law.

(1978), an officer stopped an automobile that he thought was occupied by robbery suspects. Upon stopping the vehicle the officer discovered the occupants were not the robbery suspects being sought. However, the officer proceeded to arrest the driver for driving under the influence of alcohol and for driving without a valid driver's license. In reversing the conviction on the charges, the Oklahoma Court of Criminal Appeals held that when the officer discovered that the occupants of the automobile were not the robbery suspects, "probable cause" to arrest ended and the subsequent arrest for driving under the influence of alcohol and driving without a valid driver's license, were not based upon probable cause and constituted an unlawful arrest.

In the present case, the petition alleges that Officer Waterworth's arrest report states that she stopped Roberts on "suspicion of drunk driving and [he] had an open bottle of liquor in his vehicle." Roberts was not arrested for the suspected crime of "drunk driving." Under *Castellano, supra*, if any probable cause to arrest for driving under the influence of alcohol existed it ended when the officer did not arrest Roberts for same. The officer, after determining Roberts was not driving while intoxicated, nevertheless, conducted a search of his automobile without warrant or consent and then arrested him for transporting an "open bottle." Thus, the arrest for transporting an "open bottle" is invalid because it was not based upon probable cause.

Therefore, we conclude appellees are not entitled to exemption from liability under § 155 of the "Political Subdivision Tort Claims Act." The case is reversed and remanded to the trial court with direction to overrule the demurrers and proceed accordingly.

BOYDSTON, P. J., concurs.

BRIGHTMIRE, J., not participating.