2001 OK CIV APP 83

**Emma L. HAWKINS, Petitioner,**

v.

**OKLAHOMA COUNTY COURT CLERK'S OFFICE, Own Risk, and The Workers' Compensation Court, Respondents.**

**No. 95,603.**

Court of Civil Appeals of Oklahoma,
Division No. 4.

Decided May 29, 2001.

Karen J. Leonard, Wyatt, Austin & Associates, Ada, OK, for Petitioner.

Robert H. Macy, District Attorney, Cassandra M. Williams, Assistant District Attorney, Oklahoma City, OK, for Respondents.

RAPP, Judge:

¶ 1 Emma L. Hawkins (Claimant) appeals the decision of the Workers' Compensation Court in favor of Oklahoma County Court Clerk's Office (Employer) which denied her claim for temporary total disability benefits and medical care.

## BACKGROUND

¶ 2 The trial court based its decision upon application of 85 O.S. Supp.2000, § 24.2(A).[1]

1. The statute provides, in part:

§ 24.2. Notice of injury to employer

A. Unless an employee or former employee gives oral or written notice to the employer or

¶ 3 Claimant amended her Form 3, without objection, to allege an injury to her wrist occurring on an unspecified date in January 2000. She testified that, while at work handling files, she felt her wrist "pop," but that it seemed to recover. She continued to work that day but did not work the next day. She did not tell a supervisor about the incident or seek medical treatment at that time.

¶ 4 Claimant continued to work until April of 2000. She did not mention the injury incident to Employer during January, February, or March.[2] On April 3, 2000, she informed her supervisor that she would not be at work because her wrist was bothering her and that she was going to see a doctor.

¶ 5 Claimant does not seriously contest the fact that she first notified Employer about her injury on April 2 or 3, 2000. She testified that, until then, she did not think her injury was serious. She acknowledged that she had received instructions during her work-orientation period about reporting injuries. On April 3, 2000, she received medical attention and the medical records show that she gave a history of a problem with her wrist existing for about three months.

¶ 6 Claimant's medical report attributed her wrist injury to the work incident. Employer's medical report recited that Claimant gave a history of injury in September 1999, while at work handling files. The Employer's physician's report cites additional history wherein Claimant reported injuring her wrist while doing laundry at home on the Sunday in April 2000, prior to Claimant's medical treatment on April 3, 2000. Claimant admitted that she told Employer's physician about the laundry incident and that her wrist was painful on that occasion.[3]

¶ 7 The trial court found that the claimed injury had not been reported within thirty days of its occurrence. The court further ruled that Claimant had not overcome the presumption established by Section 24.2(A) and held for Employer. Claimant appeals.

## STANDARD OF REVIEW

¶ 8 To be entitled to workers' compensation benefits, Claimant must prove that the injury arose out of and in the course of employment. *Frew v. McDonnell Douglas Indus. Indem. Co.,* 1996 OK CIV APP 108, ¶ 7, 932 P.2d 35, 36. Whether an injury occurs in the course of and arises out of employment are questions of fact to be determined by the trial court. *City of Edmond v. Monday,* 1995 OK 132, ¶ 4, 910 P.2d 980, 983; *American Management Systems, Inc. v. Burns,* 1995 OK 58, ¶ 6, 903 P.2d 288, 291. Similarly, a question of whether notice of injury was given by workers' compensation claimant is one of fact, and a decision by trier of fact that notice was not given will not be disturbed on review where reasonably supported by competent evidence. *Anglen v. E.L. Powell & Sons,* 1991 OK 53, ¶ 7, 812 P.2d 1364, 1366.

¶ 9 Competent evidence is evidence which tends to prove the facts essential to the decision of the court. *Oklahoma Gas & Electric Co. v. Black,* 1995 OK 38, ¶ 6, 894 P.2d 1105, 1107. The term "competency" refers to the legal sufficiency of the admitted evidence to support the decision. In applying the standard, this Court may not weigh the adduced evidence, but this Court canvasses the record to determine if the decision is supported by competent evidence. *Hughes v. Cole Grain Co.,* 1998 OK 76, 964 P.2d 206; *Lacy v. Schlumberger Well Service,* 1992 OK 54, 839 P.2d 157. It is only in the absence of competent evidence that a trial court's decision may be viewed as erroneous as a matter of law and thus reversed. *Parks v. Norman Municipal Hospital,* 1984 OK 53, 684 P.2d 548.

## ANALYSIS AND REVIEW

¶ 10 The question before the trial court was whether Claimant's injury oc-

---

former employer within thirty (30) days of the date an injury occurs or the employee receives medical attention from a licensed physician during the thirty-day period from the date an injury occurred, the rebuttable presumption shall be that the injury was not work related. Such presumption must be overcome by a preponderance of the evidence.

2. Transcript p. 25.

3. Transcript p. 34.

curred in the course of employment.[4] The Claimant has the burden to produce evidence and the burden of persuasion to establish that the injury is work related. *American Management Systems, Inc. v. Burns*, 1995 OK 58, ¶ 7, 903 P.2d 288, 292. In sum, these burdens comprise the burden of proof. *See Director, Office of Workers' Compensation Programs, Dept. of Labor v. Greenwich Collieries*, 512 U.S. 267, 114 S.Ct. 2251, 129 L.Ed.2d 221.

¶ 11 Here, 85 O.S. Supp.2000, § 24.2(A) establishes a rebuttable presumption that Claimant's injury was not work related because she did not give oral or written notice of the injury within thirty days of the injury. Also, medical attention was not received during this period.

¶ 12 A presumption causes a fact to be assumed unless the party against whom the presumption operates persuades the trier of fact otherwise. 12 O.S.1991, § 2303. Thus, Claimant's cause is burdened not only by the allocation of the burdens of proof and persuasion but also by the imposition of the statutorily rebuttable presumption. This case presents for review the determination of the meaning and proper application by the trial court of the requirements of 85 O.S. Supp. 2000, § 24.2(A), insofar as that statute imposes a "rebuttable presumption" that an injury does not arise out of or in the course of employment when notice is not given to the employer within 30 days of injury.[5]

¶ 13 The Claimant's burden of proof on the work-related question exists independently of Section 24.2(A).[6] Therefore, the analysis of this case requires an examination of the role that the "presumption," established in Section 24.2(A), plays in the trial proceedings relating to Claimant's burden.

¶ 14 Historically, a presumption is a procedural rule which requires that the existence of fact "B" be assumed when fact "A" (basic fact) is established and that the assumed existence of fact "B" continue until some specified condition. The procedural consequences of the rule transfer to the party against whom the presumption operates the duty to present evidence to the contrary. *Walker v. Telex Corp.*, 1978 OK 13, ¶ 11, 583 P.2d 482, 486; *Rotramel v. Public Serv. Co. of Oklahoma*, 1975 OK 91, ¶¶ 13–14, 546 P.2d 1015, 1017; *Echols v. Hurt*, 1925 OK 14, 116 Okla. 43, 243 P. 493, 495. This relationship between the basic fact and the presumed fact is carried through into the Evidence Code. 12 O.S.1991, § 2301(1).

¶ 15 Thus, a presumption ordinarily operates as an aid to the party who has the burden to prove a specific fact. It allows that party to prove an alternate fact which then gives rise to the ultimate fact which had to be proven in order to establish a claim or defense. As a result, the burden of producing other evidence to controvert the existence of the ultimate fact historically then

---

4. In the course of employment relates to the time, place or circumstances under which the injury is sustained. *Corbett v. Express Personnel*, 1997 OK 40, 936 P.2d 932, n. 2.

5. Claimant's Brief argues, without citation of authority, that Section 24.2(A) denies her Due Process of Law. Although under the Appellate Rules the argument may be disregarded, the remaining review demonstrates that Section 24.2(A) does not, in fact, violate Procedural Due Process criteria.

6. The components of the burden of proof are the burden to produce evidence and the burden of persuasion. Whinery, *Commentary on the Law of Evidence*, §§ 8.03, 8.05 (West Publishing Co.1994). As succinctly stated in this text:

   In reality 'proof', 'persuasion' and 'evidence' are three distinct concepts. 'Proof' is the conviction of the judge or jury, depending upon the method of trial, that a matter of fact does or does not exist. 'Persuasion' describes the intellectual process employed by the trier of fact in concluding that a fact is proved or disproved. 'Evidence' is the source of 'persuasion' and, ultimately, of 'proof.'
   *Id.* at § 8.02.
   Thus, the "burden to produce evidence" means that a party is required to bring forth sufficient evidence to avoid a *preliminary* ruling that the party has failed to establish a fact critical to that party's case. Once a party has met this particular burden then the burden to produce evidence shifts to the other party, however, the burden of persuasion remains with the party having the burden of proof. *Id.* at § 8.03. Assuming both sides have satisfied their burdens to present evidence, then the party who has the burden of proof must persuade the trier of fact that his evidence is superior and should be believed. *Id.* at § 8.04.

shifted to the other party. *Rotramel,* 1975 OK 91 at ¶¶ 13–14, 546 P.2d at 1017; *Echols,* 1925 OK 14, 116 Okla. 43, 243 P. at 495. In other words, as to the ultimate fact, the party has satisfied his burden to present evidence with the aid of the presumption.

¶ 16 However, this shift of duty to present other evidence did not resolve all questions about the procedural effect of a presumption. The question then became whether the effect of the presumption was solely to shift the burden of producing evidence or whether the burden of persuasion also shifted.[7] *See* Evidence Subcommittee's Note, 12 O.S.A.1991, § 2303.

¶ 17 Under the former, the sole effect of the presumption was to force the other party to controvert the ultimate or presumed fact. If the party did controvert the ultimate fact then the presumption disappeared and the case stood for decision on the facts and inferences from the facts. The burden of persuasion remained with the party who had the burden of proof. *Rotramel,* 1975 OK 91 at ¶ 14, 546 P.2d at 1017; *Echols,* 1925 OK 14, 116 Okla. 43, 243 P. at 495.

¶ 18 A different result follows when the burden of persuasion also shifts to the party against whom the presumption operates. In that situation, the presumption does *not* disappear but rather it continues so that the opponent must also persuade the trier of fact that the presumed fact does not exist. Evidence Subcommittee's Note, 12 O.S.A.1991, § 2303. Normally, the party who has the "burden of proof" carries through the case the "burden to present evidence" *and* the "burden of persuasion." *Thus, under the latter procedure the party with the burden of proof is doubly aided by the presumption's shift of the burden of persuasion.*

■ ¶ 19 The Oklahoma Evidence Code reaches a compromise. If the basic fact has no probative value of the existence of the presumed fact, then the presumption merely serves as a means to allocate the burden to produce evidence and disappears once the evidence is produced. However, if the basic fact is probative of the presumed fact then the presumption also serves to shift the burden of persuasion to the opponent. 12 O.S. 1991, § 2303; Evidence Subcommittee's Note, 12 O.S.A.1991, § 2303. Thus, in all cases a true presumption *aids the party who is required to prove an ultimate fact.*

¶ 20 However, in the case here, the "presumption" established in 85 O.S. Supp.2000, § 24.2(A), operates *against* the party who has the burden to prove the ultimate fact that the alleged injury did occur in the course of employment. Thus, in the classic sense, this statutory concept does not come within the definition of a "presumption." More accurately, the statutory device is a rule which makes it more difficult for a claimant to prove a work-related injury.

¶ 21 Without dispute, whether an injury occurs in the course of employment is a question of fact to be determined by the trial court. The *fact* that an injury goes unreported by a potential claimant for some period of time in excess of thirty days does not, standing alone, *compel* the conclusion that the injury did not arise "in the course of employment." The delay in reporting may, or may not, be relevant on the issue.

¶ 22 Thus, but for the intervention of 85 O.S. Supp.2000, § 24.2(A), the *fact* of delay in reporting of an injury would be a fact, when established by evidence, that could be considered and weighed by the trial court in making its findings. However, the statute creates a *rebuttable presumption of the non-existence of fact* and imposes upon a claimant the burden of overcoming that "presumption" by a preponderance of evidence.[8] The basic fact is the delay in reporting of the injury for thirty days and the presumed fact is that the injury did not arise out of or in the course of employment.

---

7. *See* Whinery, *Commentary on the Law of Evidence,* §§ 8.03–8.07 (West Publishing Co.1994) for a discussion pertaining to the significance of the burden of persuasion and the burden to present evidence.

8. A "presumption of fact" represents the process by which the existence of one fact is inferred, that is, presumed to exist, from proof of some other fact or facts and which logically follows from the existence of the proven fact, or facts. 12 O.S.1991, §§ 2301–2303; *Smittle v. Illingsworth,* 1962 OK 167, ¶ 4, 373 P.2d 78, 80.

¶ 23 The historic question is presented again because, unlike a normal presumption, the "presumption" here operates as a hurdle to the party with the burden of proof and not as an aid to establish a fact necessary to the case. Again, the statutory "presumption" results in the assumption that a fact does *not* exist.

¶ 24 A claimant's proof will necessarily disclose that there has been a delay in reporting the injury.[9] Once again, an answer must be given to the question: Does the statutory "presumption" disappear once a claimant has produced evidence to controvert the presumed *nonexistence* of fact? Thus, upon claimant's production of this evidence, the case stands then on the facts and inferences reasonably drawn from the facts. The answer must be in the affirmative.

¶ 25 It would be senseless to hold here that the "presumption" does not disappear. The continuation of the "presumption" would only mean that the Claimant has the burden of persuasion. The Claimant had that burden irrespective of the existence of the "presumption." Thus, in order for the statutory "presumption" to have any purpose and meaning whatsoever, it must simply be a rule for the allocation of the burden to produce evidence. Stated in other words, a claimant, in the case of a delayed notice, who fails to overcome the statutory "presumption" will have failed to make a *prima facie* case because the effect of the statutory "presumption" will then be to *compel* the conclusion that the injury did not arise out of or in the course of employment. This result is consistent with the language of the statute wherein it calls for the claimant to "overcome the presumption by a preponderance of the evidence."

¶ 26 The proper procedure would be for the trial court to simply examine only the evidence presented by Claimant for the purpose of making the *preliminary* ruling of whether Claimant had satisfied her burden to produce evidence. Moreover, in the case of the thirty day, or more, delay in reporting the injury, the trial court's examination in

support of this *preliminary* ruling must include a determination of whether the Claimant has satisfied this burden by a preponderance of the evidence insofar as the effect of delay on the issues of "arise out of" and "in the course of" employment. In other words, the Claimant's evidence must overcome the presumptive effect from the fact of delay by a preponderance of the Claimant's evidence. The Claimant's evidence is examined in contrast to the statutory "presumption" unaided at this stage, however, by the Employer's evidence.

¶ 27 If the trial court decides that a claimant has satisfied his burden to present evidence then it necessarily follows that, as to the issue presented by the fact of delay, the claimant has overcome the statutory "presumption." Given that the claimant has overcome the "presumption" then neither the statute nor other legal authorities require that the "presumption" be resurrected and the case stands for decision on its competing facts. In other words, the evidence of the claimant has established *preliminarily* that the fact which was assumed not to exist, the arise out of and in the course of employment elements, does exist. However, it does not follow that the fact of injury arising from employment is established for the purpose of decision-making and thereafter the trial court remains free to weigh the total evidence presented at trial and to reach a final conclusion, that is, judgment.

¶ 28 Historically, workers' compensation law indulged in the presumption that a claim for injury comes within the provisions of the Workers' Compensation Act. *In re Death of May*, 1978 OK 145, ¶ 11, 586 P.2d 738, 740. This served as a decisional "tie-breaker" when the evidence was evenly weighted. *In re Death of Hurlburt*, 1981 OK CIV APP 67, ¶ 13, 638 P.2d 473, 475. The trial court can properly consider the entire record when making its ultimate decision and, historically, would resolve doubt in favor of the worker. *Wilson Foods Corp. v. Porter*, 1980 OK 77, ¶ 14, 612 P.2d 261, 265.

9. The Form 3 and Form 10, taken together, will disclose the date of notice and the termination of employment and the issues in dispute.

The effect of Section 24.2(A), in cases involving a delay of thirty days or more in reporting the injury, is to *preliminarily* remove the historic presumption that the claim comes within the Act. However, once a claimant has controverted by a preponderance of his or her evidence, as required by the statute, that the mere fact of delay deprives him or her of coverage, then the case proceeds to decision on the merits of the entire record.

¶ 29 Here, the only question was whether Claimant's injury arose in the course of her employment. Under the procedure discussed above, *examination of Claimant's evidence* discloses that the injury occurred either at work or at home while doing household laundry. Section 24.2(A) creates a presumption that the injury occurred at home because of the absence of notice. The trial court, and not this Court, has the authority to weigh the Claimant's evidence to decide whether Claimant has presented a *prima facie* case, that is here, whether Claimant has also overcome the presumption that arises from lack of notice.

¶ 30 Claimant has not demonstrated that the trial court erred as a matter of law by failing to correctly proceed with the analysis of the evidence. The weight and sufficiency of the evidence are matters for the trial court. There is competent evidence in the record to support the trial court's conclusion that Claimant's evidence did not overcome the Section 24.2(A) presumption by a preponderance of the evidence. The decision of the trial court is sustained.

¶ 31 SUSTAINED.

¶ 32 TAYLOR, J., concurs, and STUBBLEFIELD, P.J., concurs in result.