2004 OK CIV APP 90

**Michael ZACHARIAS, Petitioner,**

v.

**LANCASTER & CO., INC.; Hartford Ins. Co. of the Midwest; and, The Workers' Compensation Court, Respondents.**

**No. 100,796.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Sept. 24, 2004.

---

Pamla K. Cornett, Tulsa, OK, for Petitioner.

Monica L. Maple, Bonita J. Hyatt, Law Offices of Ann Fries, Tulsa, OK, for Respondent.

Opinion by CAROL M. HANSEN, Judge.

¶ 1 Petitioner, Michael Zacharias (Claimant), seeks review of the Workers' Compensation Court's order awarding permanent partial disability benefits to the extent it granted Respondents, Lancaster & Co., Inc., and Hartford Insurance of the Midwest (collectively Employer), a credit for overpayment of temporary total disability. We reverse the order to the extent it granted the credit because Employer put on no evidence of overpayment.

¶ 2 Claimant injured his knee while working for Employer. He filed a Form 3 giving notice of his injury and claim for compensation on September 25, 2003. On December 11, 2003, he filed a Form 9 moving to set the issue of permanent partial disability for trial. He listed himself and his doctor as witnesses who might be called at trial, and stated he sent a copy of his doctor's medical report to Employer.

¶ 3 Employer filed a Form 10, entitled "Answer and Pretrial Stipulation Offered by Respondent," on February 24, 2004. It checked neither "Yes" nor "No" as to any of the stipulations, but stated as an affirmative defense that it requested credit for overpayment of temporary total disability "from April 10, 2003 in the amount of $4,203.25." It listed Claimant, Claimant's witnesses, and Employer's doctor as witnesses who might be called at trial, and stated it sent its doctor's report to Claimant. On March 5, 2004, Employer filed another Form 10 revising the amount of credit claimed to $4,556.46, and adding "Wage Records" to the witness list and "2001 W–2 Wage & Tax Statement; Wage Statement, The Hartford" to the exhibit list.

¶ 4 At trial, the trial court asked counsel what issues were before the court. Claim-

ant's attorney stated the issue was permanent partial disability and stipulated to rates for temporary total disability and permanent partial disability. Employer's attorney admitted the jurisdictional issues, and stated:

We do request, Your Honor, a credit for overpayment of temporary total disability from the date he was released from active medical care ... on February 10, 2003 through and including June 6, 2003. That was the last date that temporary total disability was paid.... So, we're into '03 with our request for overpayment—credit for overpayment of TTD, in the amount of $4,203. And those are our stipulations, Your Honor.

¶ 5 The trial court then asked Claimant's attorney whether she acknowledged receipt of temporary total disability for the period through June 6, 2003. She responded,

No, Your Honor. And I don't believe there's any evidence today that has been properly endorsed that will show the dates of payment of TTD.

I will stipulate that he did receive TTD up until February 10, 2003. Anything over, we would demand strict proof of that, which has been submitted within the rule required by the Workers' Compensation Act and the Workers' Compensation Court. And any evidence submitted, we would object to, beyond that evidence, which they've placed into—or submitted on their Form 10.

¶ 6 On cross-examination by Employer's attorney, Claimant testified as follows:

Q Now, with regard to those weekly checks that you got from Hartford—do you remember receiving them? I think they went directly to you.

A Yes.

. . .

Q And do you remember receiving them on-up until the first week of June of last year?

A That I do not recall.

. . .

Q Is it your testimony today that you did not receive checks through June of 2003?

A I do not recall receiving any in June of 2003.

Q Do you recall receiving them through May of 2003?

A I don't—I don't—I don't recall.

. . .

Q So, if the records that Hartford have [sic] would reflect that you did receive those checks through June 6th of 2003, you can't state here today whether you did nor didn't; is that correct?

A Yes.

. . .

Q Okay. So, if the records would reflect that you did receive payment through June 6th of 2003, you wouldn't have any reason to dispute that, would you?

A I'd–I–I don't know.

Q You just can't say either way; is that correct?

A Yes.

After the close of testimony, the trial court admitted all exhibits offered by either party, which comprised Claimant's doctor's report, Employer's doctor's report, and the notes of Claimant's treating doctor.

¶ 7 The trial court entered an order awarding permanent partial disability benefits to Claimant. It found Claimant was paid temporary total or partial disability benefits until June 6, 2003, and that Employer was entitled to credit for overpayment of temporary total disability compensation from February 10, 2003, to June 6, 2003 in the amount of $4,153.80.

¶ 8 Claimant appeals from this order, contending the finding of overpayment is unsupported by any competent evidence. Employer does not assert it submitted such evidence; rather, it argues that in the more than ten years its attorney has been practicing before the Workers' Compensation Court, the Court has never required such evidence, always accepting the statement of

counsel as to the dates temporary total disability compensation was paid. Employer argues it has no way of knowing whether the claimant will contest the dates of temporary total disability payment, and being required to have an adjuster present at every trial to testify as to the dates of such payment would be unduly burdensome to the Court and to the parties. It requests that this case be remanded for an evidentiary hearing if this Court determines evidence is necessary to establish the dates of overpayment.

¶ 9 An employer claiming credit for overpayment of temporary disability compensation has the burden of proof to establish the overpayment and its amount. 85 O.S. 2001 § 1.1(B), and *American Airlines v. Hervey*, 2001 OK 74, 33 P.3d 47, 52. The burden of proof includes the burden to produce evidence and the burden of persuasion to establish the fact in issue. *Hawkins v. Oklahoma County Court Clerk's Office*, 2001 OK CIV APP 83, 26 P.3d 124, 127. Therefore, an employer claiming the credit always has the burden of producing evidence on the issue unless relieved of the burden by the stipulation of the opposing party. An employer need not wait until trial to seek such a stipulation; it may request the stipulation directly from the claimant or claimant's attorney, and in the event they fail to agree after conferring in good faith, the employer may request a pre-trial conference pursuant to Workers' Compensation Court Rule 38, 85 O.S.Supp.2002, Ch. 4, App.

¶ 10 In the instant case, Employer requested relief in the form of a credit for the overpayment of temporary total disability compensation. Employer had the burden of proof but failed to submit any evidence on the issue. Upon learning Claimant's counsel did not agree to the proposed stipulation, Employer's counsel did nothing to seek the opportunity to put evidence of overpayment in the record. To the extent the trial court's order found Claimant was paid temporary total or partial disability benefits until June 6, 2003, and that Employer is entitled to credit for overpayment of temporary total disability compensation from February 10, 2003, to June 6, 2003 in the amount of $4,153.80, it is unsupported by any competent evidence. The trial in the case was an evidentiary hearing on the issue; there is no need to remand this matter for another one.

¶ 11 Accordingly, the trial court's order is REVERSED to the extent it found Claimant was paid temporary total or partial disability benefits until June 6, 2003, and that Employer is entitled to credit for overpayment of temporary total disability compensation from February 10, 2003, to June 6, 2003 in the amount of $4,153.80. It is SUSTAINED in all other respects.

¶ 12 The Oklahoma Supreme Court accepted Claimant's late-filed briefs. Therefore, Employer's motion to dismiss the appeal is denied.

JOPLIN, J., and MITCHELL, P.J., concur.